**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-1075
(973) 993-8100
Attorneys for Plaintiff,
Laura O'Hara, Executrix of the Estate of Paul E. Proske

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF PAUL E. PROSKE, LAURA O'HARA, EXECUTRIX, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant | CIVIL ACTION NO. <br><br><br> **COMPLAINT** |

Plaintiff, the Estate of Paul E. Proske, Laura O'Hara, Executrix, by and through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Complaint against Defendant, the United States of America hereby alleges as follows:

### THE PARTIES

1.     Laura O'Hara, Executrix of the Estate of Paul E. Proske (the "taxpayer"), resides at 31 Little Wolf Road, Summit New Jersey 07901.

2.     Defendant is the United States of America.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1346(a)(1), as this is an action against the United States for the recovery of a penalty wrongfully imposed and collected by the Internal Revenue Service (the "Service") pursuant to Section 6651(a)(1) of Internal Revenue Code of 1986, as amended (the "Code").

4.      Venue in this district is proper under 28 U.S.C. §1402(a)(1).

## NATURE OF ACTION AND RELIEF SOUGHT

5.      In accordance with 26 U.S.C. § 7422, the taxpayer seeks the refund of a $267,189.71 penalty and the interest paid thereon that was imposed and collected by the Service under Section 6651(a)(1) for the taxpayer's failure to timely file a United States Estate (and Generation – Skipping Transfer) Tax Return ("Estate tax return").

6.      The taxpayer seeks a refund of the Section 6651 penalty and interest paid thereon because there was good and sufficient cause for the taxpayer's filing of an Application for Extension of Time to File a Return and/or Pay United States Estate (and Generation-Skipping Transfer) Taxes after the due date of the Estate tax return.

7.   ·     The taxpayer seeks a refund of the Section 6651 penalty and interest paid thereon because the taxpayer's failure to timely file the Estate tax return was due to reasonable cause and not due to willful neglect.

## BACKGROUND

### The Premarital Agreement

8.      In May 2005, Paul E. Proske (the "Decedent") married his second wife, Donna Weller ("Ms. Weller").

9.      Before the Decedent and Ms. Weller married, they entered into a Prenuptial Agreement dated December 23, 2004 (the "Prenuptial Agreement").

10.     The Prenuptial Agreement made references to attached Schedules A and B.

11.     Schedule A was supposed to detail the earnings, property and investments, assets and liabilities of the Decedent.

12.     Schedule B was supposed to detail the earnings, property and investments, assets and liabilities of Ms. Weller.

13.     For some unknown reason, neither Schedule was attached to the Prenuptial Agreement.

### The Decedent's Estate

14.     On or about June 16, 2005, the Decedent died a resident of New York, New York.

15.     On or about August 26, 2005, Laura O'Hara, the daughter of the Decedent, was appointed as Executrix of the Estate of Paul E. Proske.

16.     Under the Decedent's Last Will and Testament dated March 8, 2005 (the "Will"), Ms. Weller's bequest was to be determined in accordance with the Prenuptial Agreement.

17.     The residuary beneficiaries under the Will were the Decedent's three adult daughters from his first marriage: Laura O'Hara, Janet Alexander and Marilyn Ceci.

18.     Because no Schedules were attached to the Prenuptial Agreement and because the amount of the federal estate tax due depended on the value of the assets that would qualify for the marital deduction, it was not possible to determine the correct amount of federal estate tax that would be owed by the taxpayer without first determining the amount of the bequest to Ms. Weller.

19.     Negotiations between Ms. Weller and the taxpayer then ensued.

20.     Despite diligent efforts to obtain needed information and resolve the dispute, an accurate Estate tax return could not be prepared prior to the March 16, 2006 Estate tax return due date.

21.     Additional time was also needed to calculate and pay the amount of estimated taxes which is required to accompany any request for an extension of time to file an Estate tax return.

22.     The Estate was illiquid, as it was primarily comprised of real property and retirement plans, and therefore was unable to provide a payment of its estimated taxes.

23.     The primary source of liquid funds available to satisfy the Estate tax was an insurance policy, owned by the Decedent's employer and payable to the Decedent's daughters.

24.     The Decedent's daughters agreed to use the insurance proceeds to pay the Estate taxes.

25.     Although the Executrix diligently attempted to obtain the policy proceeds, the proceeds did not become available until the end of March 2006 – after the Estate tax return was due.

26.     Because of (i) the complexity of the Estate; (ii) the missing Schedules to the Prenuptial Agreement; (iii) the tense discussions between the beneficiaries; (iv) the illiquidity of the Estate; and (v) the inability to calculate or pay the amount of estimated tax payments needed to accompany a request for an extension, the taxpayer did not file an Application for Extension of Time to File a Return and/or Pay United States Estate (and Generation-Skipping Transfer) Taxes ("Extension Request") until April 25, 2006 – about five weeks after the Estate tax return was due to be filed.

27.     On or about April 25, 2006, the taxpayer submitted its Extension Request along with a check payable to the United States Treasury in the amount of one million eight hundred thousand dollars ($1,800,000), which represented an accurate assessment of the Estate's estimate of its full federal estate tax liability.  [See Exhibit 1, Claim for Refund, at attachment Exhibit A, Extension Request and accompanying letter explanation dated April 25, 2006.]

28.     On or about June 2, 2006, the Estate's April 25, 2006 request for an extension was stamped "denied" by the Service.  The accompanying payment of estimated taxes was accepted.

29.     The Service's denial did not provide a discussion of its reasoning in denying the Extension Request other than the notation "Your application was filed after the due date of the return."  [See Exhibit 1, Claim for Refund, at attachment Exhibit B, Extension Request, dated June 2, 2006.]

30.     The Estate tax return was filed on or about June 14, 2006.

31.     Based upon Section 6651 of the Code, the Service imposed a penalty of two hundred fifty-four thousand one hundred seven dollars and eighty-seven hundredths ($254,107.87).

32.     On or about June 28, 2006, the Estate requested an abatement of the Section 6651 penalties.  Because the Estate was then selected for audit, no determination was made on the Estate's June 28, 2006 request until the conclusion of the audit.

33.     On or about April 7, 2008, the taxpayer received two Reports of Estate Tax Examination Changes.  [See Exhibit 1, Claim for Refund, at attachment Exhibit C, Reports of Estate Tax Examination Changes.]

34.     The first Report addressed valuation adjustments (the "First Estate Tax Report").

35.    The second Report (the "Second Estate Tax Report") indicated that the Section 6651 penalty of $254,107.87 had not been abated, and imposed an additional penalty of $13,081.84. The additional penalty was based on increases to the value of the taxable Estate as set forth in the First Estate Tax Report.

36.    The Estate accepted the valuation adjustments in the First Estate Tax Report.

37.    On or about April 22, 2008, the Estate filed a Formal Appeal Letter with respect to the Second Estate Tax Report that imposed a Section 6651 penalty of $267,189.71.  [See Exhibit 1, Claim for Refund, at attachment Exhibit D, Formal Appeal Letter.]

38.    On or about July 14, 2008, the Estate received a Notice of Deficiency indicating that there was an addition to tax of $13,081.84 under Section 6651(a)(1).  [See Exhibit 1, Claim for Refund, at attachment Exhibit E, Notice of Deficiency.]

39.    On or about August 5, 2008, the Estate submitted the Notice of Deficiency Waiver. [See Exhibit 1, Claim for Refund, at attachment Exhibit F, Notice of Deficiency Waiver.]

40.    On or about August 12, 2008, the Estate submitted an estimated revised assessment payment of $305,000.00 to the Service, and filed Form 843 - Claim for Refund and Request for Abatement in the amount of $305,000.00 ("Claim for Refund").  [Exhibit G, Claim for Refund.]

41.    On or about August 30, 2008, the Estate was informed that an additional $130.00 was owed for Section 6651 penalties, and the Estate submitted the additional payment of $130.00 to the Service.

42.    In accordance with 26 U.S.C. § 6532(a)(1), as of February 12, 2009, it has been six months since the taxpayer filed its Claim for Refund.

43.    The Service has not yet responded to the taxpayer's Claim for Refund.

## FIRST COUNT

**(The Service Abused Its Discretion When It Denied the Taxpayer's Extension Request Despite the Taxpayer's Showing of Good and Sufficient Cause for An Extension)**

44.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if each were set forth at length herein.

45.    Because of (i) the complexity of the Estate; (ii) the missing Schedules to the Prenuptial Agreement; (iii) the tense discussions between the beneficiaries; (iv) the illiquidity of the Estate; and (v) the inability to calculate or pay the amount of estimated tax payments needed to accompany the Extension Request, the taxpayer did not file its Extension Request until after the Estate tax return was due.

46.    Under Treas. Reg. § 20.6081-1(c), upon a showing of "good and sufficient cause" the Service has the discretion to grant an extension of time to file an estate tax return even if the extension request is filed after the due date of the return.

47.    In accordance with Treas. Reg. 20.6081-1(c), the taxpayer's Extension Request "contained a detailed explanation of why it [was] impossible or impractical to file a reasonably complete return by the due date, … [and] an explanation showing good cause for not requesting the automatic extension" before the due date of the Estate tax return.

48.    Despite the taxpayer's detailed submissions, the Service denied the taxpayer's Extension Request.

49.    The Service's denial of the Extension Request merely stated "Your application was filed after the due date of the return."

50.    The Service's denial did not provide a rational explanation for the denial.

51.     The Service's denial showed no indication that the Service considered the facts and circumstances set forth in the taxpayer's explanations.

52.     As such, the Service abused its discretion when it denied the taxpayer's Extension Request.

**WHEREFORE,** Plaintiff demands Judgment against Defendant for:

(a)     A refund of the Section 6651 penalty and interest thereon paid in the amount of $267,189.71;

(b)     Interest awardable to the Estate in accordance with 28 U.S.C. § 2411;

(c)     All reasonable litigation and administrative costs incurred by the taxpayer with respect to this matter, including attorneys' fees and court costs, in accordance with 26 U.S.C. § 6532 ; and

(d)     Such other relief as the Court may deem just, equitable and proper.

## SECOND COUNT

**(Section 6651 Penalties Should Not Be Imposed Because the Late Filing of the Estate Tax Return Was Due to Reasonable Cause and Not Willful Neglect)**

53.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint as if each were set forth at length herein.

54.     Under Section 6651(a), a penalty shall not be imposed if the failure to file a timely return was due to reasonable cause and not due to willful neglect.

55.     Due to (i) the complexity of the Estate; (ii) the missing Schedules to the Prenuptial Agreement; (iii) the tense discussions between the beneficiaries; (iv) the illiquidity of the Estate; and (v) the inability to calculate or pay the amount of estimated tax payments, there was reasonable cause for the taxpayer's failure to file the Estate tax return in a timely manner, and such failure was not due to willful neglect.

56.    The Section 6651 penalty of $267,189.71 was wrongfully imposed, collected and retained by the IRS, and the taxpayer is entitled to a refund thereof.

57.    The taxpayer is entitled to a refund of all interest assessed by the IRS and paid by the Estate with respect to the Section 6651 penalty.

58.    In accordance with 28 U.S.C. § 2411, the taxpayer is entitled to interest on the overpayment of the Section 6651 penalty and interest at the overpayment rate established by Section 6621.

59.    The Defendant's position in failing to refund the penalty is not substantially justified.

60.    Under 26 U.S.C. § 7430, the Plaintiff is entitled to recover its reasonable administrative and litigation costs, including attorneys fees, in prosecuting this matter before both the Service and the Court.

**WHEREFORE**, Plaintiff demands Judgment against Defendant for:

(a)    A refund the Section 6651 penalty and interest in the amount of $267,189.71;

(b)    Interest awardable to the Estate pursuant to 28 U.S.C. § 2411;

(c)    All reasonable litigation and administrative costs incurred by the Plaintiff with respect to this matter, including attorneys' fees and court costs; and

(e)    Such other relief as the Court may deem just, equitable and proper.

Respectfully submitted,

McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue, P.O. Box 2075
Morristown, New Jersey 07962-1075
(973) 993-8100
Attorneys for Plaintiff,
Laura O'Hara, Executrix of the Estate of Paul E. Proske

By:    _Donna duBeth Gardiner_
       Donna duBeth Gardiner

Date:    February 17, 2009

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Donna duBeth Gardiner, Esq. is hereby designated as trial counsel for the Plaintiff in this matter.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated and no other parties need to be joined in the above action.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Plaintiff,
Laura O'Hara, Executrix of the Estate of Paul E. Proske

By: _____
     Donna duBeth Gardiner

Dated: February 17, 2009

# EXHIBIT 1

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GRACE C. BERTONE
Direct dial: (973) 425-8720
gbertone@mdmc-law.com

August 12, 2008

## VIA FEDERAL EXPRESS

Internal Revenue Service
Manhattan Appeals Office
290 Broadway, 11th Floor
New York, New York 10007
ATTN: Mr. Leonard San Girardi, Room 1142

> Re: **Estate of Paul E. Proske**
> **Date of Death: June 16, 2005**
> **Taxpayer Identification Number: 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V**

Dear Mr. San Girardi:

It was a pleasure speaking with you yesterday. Enclosed for processing are (1) a check in the amount of $305,000.00 for payment of the estimated outstanding balance on the Estate of Paul E. Proske, Taxpayer Identification Number: 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V, (2) a Form 843 – Claim for Refund and Request for Abatement regarding the enclosed $305,000.00 payment with attached exhibits, and (3) the Executrix's certification explaining that she is authorized to act on behalf of the Estate.

We request a prompt review of the Estate's refund request. **If the refund request is not granted, we request that the Internal Revenue Service immediately issue a Notice of Disallowance of the Estate's Form 843 – Claim for Refund and Request for Abatement.**

Kindly acknowledge receipt of this letter and all enclosures by signing where indicated on the extra copy of this letter and return same to my attention. A self-addressed envelope is enclosed for your convenience.

NEWARK, NEW JERSEY     RIDGEWOOD, NEW JERSEY     NEW YORK, NEW YORK     DENVER, COLORADO     PHILADELPHIA, PENNSYLVANIA
1125139_1.DOC

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 2

Should you have any questions, please do not hesitate to contact me.

Sincerely,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Grace Bertone

Enclosures
cc: Laura O'Hara

**Receipt of the within ORIGINALS of the following documents, a check in the amount of $305,000.00, the Estate's Form 843 – Claim for Refund and Request for Abatement, and the Executrix's certification, are hereby acknowledged this _____ day of _____, 2008.**

_____

**LEONARD SAN GIRARDI**

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
ATTORNEY BUSINESS ACCOUNT
1300 Mt. Kemble Avenue
PO Box 2075
Morristown, NJ 07962-2075

155 Morristown Road
Bernardsville, NJ 07924

55-1323/212

774325

Date:.    08/12/08

Pay:    THREE HUNDRED FIVE THOUSAND AND 00/100 DOLLARS

Amount    $****305,000.00

TO THE
ORDER OF:    **U.S. TREASURY**

VOID ONE YEAR AFTER DATE OF ISSUE

Memo:   Estate of Paul E. Proske, Taxpayer ID number 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V

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

⑈774325⑈ ⑆021213232⑆ 980000053⑈

| Payee: | U.S. TREASURY  07754 | | Aug 12 08 | Check #:  774325 |
|---|---|---|---|---|
| G/L Acct | Account Description | Reference | | Gross |
| 63010 | Consulting Fees | Estate of Paul E. Proske (Tax ID 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V) | | $305,000.00 |

## CERTIFICATION OF LAURA O'HARA,

## EXECUTRIX OF THE ESTATE OF PAUL E. PROSKE

LAURA O'HARA, ESQ., of full age, certifies as follows:

1.      I am the Executrix of the Estate of Paul E. Proske (the "Estate").

2.      On June 14, 2006, I filed the Form 706 for the Estate.

3.      I am still authorized to act as the Executrix of the Estate.

I declare, under penalty of perjury, that the statements made in this request are true and correct to the best of my knowledge and belief.

Dated: August 10, 2008

LAURA O'HARA

| Form **843** | **Claim for Refund and Request for Abatement** | |
|---|---|---|
| (Rev. February 2008)<br>Department of the Treasury<br>Internal Revenue Service | ► See separate instructions. | OMB No. 1545-0024 |

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes) shown on line 3,
- (b) an abatement of employment or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes (use the appropriate amended income tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s)<br>The Estate of Paul Proske c/o Laura O'Hara, Esq., Executrix | Your social security number<br>122 : 24 : 3041 |
|---|---|
| Address (number, street, and room or suite no.)<br>31 Little Wolf Road | Spouse's social security number |
| City or town, state, and ZIP code<br>Summit, NJ 07901 | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP, P.O. Box 2075, Morristown, NJ 07962-2075 | Daytime telephone number<br>( 908 )    578-0773 |

| **1** | **Period.** Prepare a separate Form 843 for each tax period.<br>From        /        /        to        /        / | **2** | **Amount** to be refunded or abated<br>$                305,000.00 |
|---|---|---|---|

**3** **Type of tax.** Indicate the type of tax to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☑ Estate   ☐ Gift   ☐ Excise (see instructions)   ☐ Income

**4** **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: **6651(a)(1) & 6651(a)(2)**

**5a** **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Dates of payment ► _____ **August 12, 2008** _____

**6** **Original return.** Indicate the type of return filed to which the tax, interest, penalty, or addition to tax relates.
☑ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☐ Other (specify) ►

**7** **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

**PLEASE SEE ATTACHED EXPLANATION.**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| _____  EXECUTRIX | 8/10/08 |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date |
| Signature (spouse, if joint return) | Date |

| **Paid Preparer's Use Only** | Preparer's signature ► *Grace Bethi* | Date 8/11/08 | Check if self-employed ☐ | Preparer's SSN or PTIN (CAF)<br>2005-72845 R |
|---|---|---|---|---|
| | Firm's name (or yours if self-employed), address, and ZIP code | McElroy, Deutsch, etal., 1300 Mt. Kemble Ave., P.O. Box 2075, Morristown, NJ 07962-2075 | EIN 22-2445165<br>Phone no. (973) 983-8160 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 10180R      Form **843** (Rev. 02-2008)

# FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re:    **Estate of Paul E. Proske**
       **Date of Death: June 16, 2005**
       **Social Security Number: 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**
       **Question 7**

## Attachment to Form 843, Question 7

**Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2.

## I.    FACTS SUPPORTING TAXPAYER'S POSITION

Paul Proske (the "Decedent") died on June 16, 2005. On August 26, 2005, Laura O'Hara, daughter of the Decedent, was appointed as Executrix. The Estate's tax return was due to be filed on or before March 16, 2006. The complexity of the Decedent's Estate, however, together with other circumstances explained herein made it impossible to file the Estate tax return and pay the tax owed by the March 16, 2006 due date. An extension to file the Estate's return and pay the Estate tax would be needed. On April 25, 2006 the taxpayer did, in fact, make the request for an extension to file and pay along with a payment of $1,800,000.00, but the request was denied and a penalty was imposed.

At the age of seventy-two (72), and just six weeks before his death, the Decedent married his second wife, Donna Weller ("Donna"). Before the Decedent and Donna decided to marry, they entered into a Prenuptial Agreement dated December 23, 2004. The residuary beneficiaries under the Will were the Decedent's three adult daughters from his first marriage. They are Laura O'Hara, Janet Alexander and Marilyn Ceci. Under the Decedent's Will, Donna's bequest was to be determined pursuant to the Prenuptial Agreement (the "Prenuptial Agreement"). There was, however, a serious ambiguity in the Prenuptial Agreement.

The Prenuptial Agreement made references to attached Schedules A and B. Schedule A was supposed to detail the earnings, property and investments, assets and liabilities of the

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:     **Estate of Paul E. Proske**
        **Date of Death:  June 16, 2005**
        **Social Security Number:  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**
        **Question 7**

Decedent. Schedule B was supposed to detail the earnings, property and investments, assets and liabilities of Donna. Unfortunately, and for some unknown reason, neither Decedent nor Donna attached either Schedule to the Prenuptial Agreement. Thus, material information needed to determine the value of Donna's bequest was not readily available. For example, was Donna's bequest to be based upon the total value of the Decedent's probate estate assets? Or, was Donna's bequest to be based on the total value of the Decedent's taxable estate? A bequest based on the former, the value of the Decedent's probate estate, would have entitled Donna to approximately one hundred seventy-five thousand dollars ($175,000). A bequest based on the latter, the total value of the Decedent's taxable estate, would have entitled Donna to approximately six hundred sixty-three thousand dollars ($663,000).

Because no Schedules were attached to the Prenuptial Agreement and because the amount of the Estate tax due depended on the value of the assets that would qualify for the marital deduction, it was not possible to quickly determine the correct amount of federal estate tax that would be owed by the Decedent's Estate. Negotiations between Donna and the Estate then ensued. These discussions took place during the highly emotional period after the Decedent's death. The discussions were sensitive and difficult. Despite diligent efforts to obtain needed information and resolve the dispute, an accurate Estate Tax return could not be prepared by the taxpayer prior to the March 16, 2006 Estate tax return due date. Not only was more time needed to file the Estate return, but more time was also needed to calculate and pay the amount of estimated taxes which is required by law to accompany any request for an extension of time to file an Estate tax return as required by Treasury Regulation 20.6081-1(a)("Form 4768 must

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:   **Estate of Paul E. Proske**
      **Date of Death:  June 16, 2005**
      **Social Security Number:  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**
      **Question 7**

include an estimate of the amounts of estate and generation-skipping transfer tax liabilities with respect to the estate.").

In addition to the problems with the unattached Schedules and resulting difficulty in calculating the correct amount of estimated taxes, the Estate was illiquid and was unable to provide a payment of its taxes as required by Treasury Regulation 20.6081-1(e)("An extension of time for filing a return does not operate to extend the time for payment of the tax. . . . If an extension of time to file a return is obtained, but no extension of time for payment of the tax is granted, interest will be due on the tax not paid on the due date and the estate will be subject to all applicable late payment penalties.").  The assets of the Estate were primarily comprised of real property and retirement plans.  The primary source of liquid funds available to pay the Estate tax was an insurance policy, owned by the Decedent's employer and payable to the Decedent's daughters.  The Decedent's daughters agreed to use the insurance proceeds to pay the Estate taxes.  Although the Executrix diligently attempted to obtain the policy proceeds, the proceeds did not become available until the end of March 2006 –after the estate tax return was due.   Accordingly, because of (i) the complexity of the Decedent's Estate; (ii) the missing Schedules to the Prenuptial Agreement; (iii) the tense discussions between the parties; (iv) the illiquidity of the Estate; and (v) the inability to calculate or pay the amount of estimated tax payments needed to accompany a request for an extension, the taxpayer did not file a request for an extension of time to file the Estate return until April 25th – about 5 weeks after the return was originally due to be filed.

1125137_1                                      3

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:  **Estate of Paul E. Proske**
     **Date of Death:  June 16, 2005**
     **Social Security Number:  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**
     **Question 7**

The taxpayer's April 25, 2006 extension request was accompanied by a check payable to the United States Treasury in the amount of one million eight hundred thousand dollars ($1,800,000).  [Exhibit A, Form 4768 and accompanying letter dated April 25, 2006.] This payment represented an accurate assessment of the Estate's estimate of its full federal tax liability, something that could not be done on or before March 16, 2006.

The Estate's April 25th request for an extension and accompanying payment of estimated taxes was stamped "denied" by the Service. [See Exhibit B, Form 4768, dated June 2, 2006.] While the estimated tax payment was accepted, the denial of the extension gave no discussion of its reasoning other than the notation "Your application was filed after the due date of the return" [See Exhibit B.]   While this notation is literally correct, it ignores all the other relevant explanatory and mitigating facts.  The Estate tax return was filed on June 14, 2006.  Had the taxpayer filed a request for an extension on or before March 16, 2006 the request to file would have been automatically granted and the Estate tax return would not have been due to be filed until late September 2006 – nearly three months after the date on which the return was actually filed.

Based on the delayed filing of the requested extension, the Service imposed a penalty of two hundred fifty-four thousand one hundred seven dollars and eighty-seven hundredths ($254,107.87). On June 28, 2006, the Estate requested an abatement of the penalties. However, because the Estate was then selected for audit no determination was made on the Estate's June 28, 2006 request until the conclusion of the audit. Subsequent to the conclusion of the audit, the

# FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re: **Estate of Paul E. Proske**
**Date of Death: June 16, 2005**
**Social Security Number: 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**
**Question 7**

Estate received the Second Estate Tax Report indicating that the penalty had not been abated, but had been increased to $267,189.71.

On April 7, 2008, the Estate received two Reports of Estate Tax Examination Changes, which are attached as Exhibit C. The first Report addressed valuation adjustments (the "First Estate Tax Report"). The second Report (the "Second Estate Tax Report") imposes a penalty of $254,107.87 pursuant to Section 6651 of the Internal Revenue Code (the "IRC") and an additional penalty of $13,081.84. The additional penalty is based on increases to the value of the taxable Estate as set forth in the First Estate Tax Report. The Estate has accepted the valuation adjustments in the First Estate Tax Report. On or about April 22, 2008, the Estate filed a Formal Appeal Letter with respect to the Second Estate Tax Report that imposed a Section 6651 penalty of $267,189.71, which is attached as Exhibit D.

On or about July 14, 2008, the Estate received a Notice of Deficiency indicating that there was an addition to tax of $13,081.84 under IRC Section 6651(a)(1), which is attached as Exhibit E.

On or about August 5, 2008, the Estate submitted the Notice of Deficiency Waiver, which is attached as Exhibit F.

The Estate has not yet received a revised assessment. The Estate has estimated the deficiency amount plus interest, and added that to the August 13, 2008 payoff figure provided by the IRS for an estimated revised assessment of $305,000.00.

The estimated revised assessment of $305,000.00 was sent to the IRS on August 12, 2008.

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:    **Estate of Paul E. Proske**
       **Date of Death:  June 16, 2005**
       **Social Security Number:  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**
       **Question 7**

The taxpayer is now filing this Form 843 - Claim for Refund and Request for Abatement in the amount of $305,000.00.  The Section 6651 penalty is not based on any taxpayer bad faith, intentional wrongdoing, lengthy delay, or government prejudice.  Rather, the penalty is imposed because the taxpayer delayed, for several weeks, the making of a request for an extension of time to file the Estate's return and pay the tax due.  The delayed request was denied by the Internal Revenue Service (the "Service") and the penalty was summarily imposed.  As we show herein, the imposition of a penalty based on the innocent failure to request an extension of time prior to the due date for filing the Estate return should be reversed.  Had the taxpayer's request to file the Estate's return been made on or before March 16, 2006 (the original due date for filing the return) the request would have been automatically granted under Treas. Reg. §20.6081-1 (b).

## II.    LAW SUPPORTING TAXPAYER'S POSITION

### A.    ALL DOUBTS AS TO WHETHER THE PENALTY SHOULD BE ABATED MUST BE RESOLVED IN THE ESTATE'S FAVOR.

"[I]t is well-settled that in the application of penalties 'all questions of doubt must be resolved in favor of those from whom the penalty is sought.'" Hatfried, Inc. v. Commr. of Internal Rev., 162 F.2d 628, 633 (3rd Cir. 1947).  We respectfully submit that a more than quarter of a million dollar penalty in connection with the filing of a complex Estate return based on a short delay that caused no loss to the government and resulted from the innocent, good faith failure by the taxpayer to file a request to obtain a routine extension of time has the effect of imposing a forfeiture on the taxpayer's assets.  The law abhors forfeiture, especially when the

1125137_1                                          6

# FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re:   **Estate of Paul E. Proske**
      **Date of Death:  June 16, 2005**
      **Social Security Number:  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**
      **Question 7**

government initiates it and receives it.  <u>See, e.g.,</u> <u>JCRA v. Tug & Barge Urban Renewal Corp.</u>, 228 <u>N.J. Super.</u> 88, 96 (Law Div. 1987), <u>aff'd</u> 228 <u>N.J. Super.</u> 24 (App. Div. 1988).

### B. <u>THE TAXPAYER ESTABLISHED GOOD AND SUFFICIENT CAUSE  FOR THE SERVICE TO GRANT THE REQUEST FOR AN EXTENTSION OF TIME TO FILE THE ESTATE TAX RETURN.</u>

The initial issues in this matter are whether the Estate established "good and sufficient cause" for its April 25, 2006 request for an extension and whether the director abused his or her discretion in denying the request.  Although the Estate did not request an extension of time before the March 16, 2006 due date, a short time thereafter, on April 25th, it did file a request for an extension.  This requested extension should have been granted, but was not.  Delayed requests to enlarge the time period for filing a return may be granted if the taxpayer is able to establish good and sufficient cause.  Treas. Reg. §20.6081-1(c).  In fact, Section 20.6081.1 of the Estate Tax Regulations was specifically amended to provide district directors with the discretion, in cases such as this, to grant extensions of time to file a return even though the original due date has passed.  T.D. 6711, 1964-1 C.B. 453 (1964); <u>Estate of Gardner v. Commr. of Internal Rev.</u>, 82 <u>T.C.</u> 989, 993 (1984); Treas. Regs. §§1.6081-1(b)(1) and 20.6081-1.  By allowing the district director to grant extensions to an estate after passage of the original due date, this regulation further promotes the Service's mission to "[apply] the tax law with integrity and fairness to all."  Section 1.1.1.1 of the Internal Revenue Manual.

More importantly however, it imposes an obligation on the district director to review such requests and evaluate whether there is "good and sufficient cause" to grant the extension.  Failure to adequately review such a request is an abuse of discretion by the director, and is

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:    **Estate of Paul E. Proske**
        **Date of Death:  June 16, 2005**
        **Social Security Number:  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**
        **Question 7**

subject to judicial review.  Estate of Gardner v. Commr of Internal Revenue, T.C. Memo 1986-380, 16-17 (1986).  As Exhibit A illustrates, the Estate explained the circumstances surrounding the April 25, 2006 extension request which established good and sufficient cause for an extension, and specifically discussed the Estate's inability to provide an accurate estimate of its tax liability as required by Treasury Regulation §20-6081-1(a) and its failure to pay.  As Exhibit B illustrates, the Service's June 2, 2006 denial is based on nothing more than the fact that the application "was filed after the due date of the return," thus indicating the director's lack of consideration to the circumstances of the Estate and an abuse of discretion in denying the Estate's request for an extension.

      "Good and sufficient cause" existed in this matter because of the Estate's inability to provide an accurate estimate of its tax liability.  A taxpayer must make a "bona fide and reasonable estimate of his tax liability based on the information available to him at the time he makes his request for an extension . . . This requires the taxpayer to judge or determine his tax liability generally, but carefully . . . [by making] a bona fide and reasonable attempt to locate, gather and consult information which will enable him to make a proper estimate of his tax liability."  Crocker v. Comm. of Internal Revenue, 92 T.C. 899, 908 (1989).  A taxpayer's failure to provide a proper estimate of his tax liability in his request for an extension will result in the extension being voided, and the taxpayer being subject to Section 6651 penalties.  Id. at 910 – 912.  In this matter, the Estate simply could not provide a proper estimate in good faith, on or before March 16th, and explained those circumstances in its April 25, 2006 extension request.  Had the Estate made an estimate before the March 16, 2006, the estimate would not have

## FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re:    **Estate of Paul E. Proske**
        **Date of Death:  June 16, 2005**
        **Social Security Number:  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**
        **Question 7**

reflected a bona fide and reasonable estimate of its tax liability, and the extension could have been voided and subjected the Estate to Section 6651 penalties. The missing Schedules to the Prenuptial Agreement and resulting dispute regarding Donna's bequest significantly inhibited the calculation of taxes owed by the Estate. While the Estate diligently worked toward resolving the Prenuptial Agreement issue and the bequest dispute, no resolution could be reached between the Estate and Donna before the March 16th due date of the tax return. These unusual circumstances were explained but ignored in the Form 4768. The Estate was in a situation where it was compelled to make a difficult choice – either make a late request for an extension with an accurate estimate of the Estate's tax liability and be subject to Section 6651 penalties, or make a timely request for an extension and provide an inaccurate estimate of the Estate's tax liability and be subject to Section 6651 penalties. Although the circumstances were explained in the request for an extension, the Service summarily denied the request because it was made after the due date and failed to respond to the circumstances explained in the Estate's April 25, 2006 extension request – indicating that no consideration was given to the unique circumstances of the Estate. [See Exhibit B.]

The filing of the April 25th request for an extension, coupled with the payment of accurate estimated taxes, was a good faith and reasonable alternative to filing a request on or before March 16th for an extension, that would have been unaccompanied by the payment of accurate estimated taxes. If the Estate's good faith belief was, in hindsight, incorrect, then so be it. But the appropriate remedy to redress the good faith belief of the Estate should not be the forfeiture of a more than a quarter of a million dollars of the Estate's money. Moreover, when

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:   **Estate of Paul E. Proske**
      **Date of Death: June 16, 2005**
      **Social Security Number: 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**
      **Question 7**

viewed in light of the director's discretion to grant late extension requests and the Service's overall mission statement, the Service recognizes that circumstances such as these arise, and it provides the taxpayer and the Service with the means to fairly remedy these situations by granting an extension request after the due date for filing had passed.

In spite of the denial of its request for an extension of time to file and pay, the Estate continued to work diligently to resolve the bequest dispute and the ambiguity of the Prenuptial Agreement. The Estate filed a complete and accurate Estate tax return on June 14, 2006.

C.   THE SECTION 6651 PENALTY SHOULD BE ABATED BECAUSE THE LATE FILING OF THE RETURN AND PAYMENT WAS DUE TO REASONABLE CAUSE AND NOT WILLFUL NEGLECT.

Under Section 6651(a), a penalty should not be imposed if the failure to file a timely return and/or pay a tax was (1) due to reasonable cause and (2) not due to willful neglect. "Reasonable cause" means a taxpayer "exercised 'ordinary business care and prudence,' but nevertheless was 'unable to file the return within the prescribed time.'" United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" means the taxpayer's late filing was due to "conscious, intentional failure or reckless indifference." Id. at 245.

a. Reasonable Cause

Reasonable cause is determined by examining all of the "facts and circumstances" of the case. See Fran Corp. v. U.S., 164 F.3d 814 (2nd Cir. 1999); East Wind Industries, Inc. v. U.S., 196 F.3d 499, 507 (3rd Cir. 1999); Internal Revenue Manual. The Estate clearly exercised ordinary business care and prudence within the meaning of Boyle. The Estate return was

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:      Estate of Paul E. Proske
           Date of Death:  June 16, 2005
           Social Security Number:  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
           Question 7

complex, the taxpayer's delay in seeking an extension was short, the neglect in filing sooner for an extension was excusable, and the prejudice to the government non-existent.

One especially important factor to consider in connection with extension requests filed after the due date for the filing of a return is the taxpayer's financial ability to pay the tax. Courts have taken into account whether the "taxpayer would have suffered 'undue hardship,' i.e., 'substantial financial loss,' from the payment of taxes." East Wind Industries, Inc., supra, 196 F.3d at 507; see also Treas. Reg. §301.6651 (c)(1).  The Treasury Regulations emphasize the importance of considering a taxpayer's financial circumstances, and provide that "consideration will be given to all facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in light of the income (or other amounts) he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed." Treas. Reg. §301.6651 (c)(1). Here, the Estate was in an illiquid condition. The lack of liquid funds was not due to imprudent expenditures or distributions but to the nature of the Estate assets: real property and retirement plan assets.  To satisfy the federal and State of New York estate taxes, the beneficiaries had to liquidate their personal assets.  Moreover, one of the main sources to pay the estate taxes, the proceeds of a life insurance policy payable directly to the beneficiaries, was not available until after the March 16, 2006 due date.

In deciding whether there is "reasonable cause" and "willful neglect", it is also necessary to take into account (i) the efforts that the taxpayer made to file once the taxpayer was able; and (ii) the extent to which the taxpayer's late filing were beyond his control.  Sections 20.1.1.3.1 and 20.1.1.3.1.1, Internal Revenue Manual. Here, the Estate diligently worked toward resolving

FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re:   **Estate of Paul E. Proske**
      **Date of Death:  June 16, 2005**
      **Social Security Number:  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**
      **Question 7**

the Prenuptial Agreement issue while at the same time attempting to convert illiquid assets into liquid assets so as to satisfy the tax obligation.  The resolution of the Prenuptial Agreement issue was outside of the Estate's control, as was the payment of the life insurance proceeds that the beneficiaries intended to use to pay the taxes.  Despite these obstacles, the Estate made every effort it could to file an accurate return, and comply with its tax responsibilities as soon as it was able to do so.

The Estate exercised ordinary business care, was prudent, at all times acted in good faith, did not seek to take any unfair advantage, was not recklessly indifferent, and paid all taxes due as soon as it could determine the amount owed and as soon as it could convert to cash the assets needed to pay the taxes.

b.  <u>Willful neglect</u>

"Penalties imposed under the revenue laws were designed to attach to conduct of a taxpayer which is intentional, or knowing, or voluntary rather than accidental.  A conscious decision to defer the filing of a return, after acquiring knowledge of its delinquency, beyond a reasonable time and without reasonable cause, is wilful[sic] neglect." <u>First County National Bank and Trust Co. v. U.S.</u>, 291 <u>F.Supp.</u> 837, 840-41 (D.N.J. 1968).  The converse of "willful neglect" is "excusable neglect".  The Supreme Court, in the context of requests to enlarge filing deadlines, has noted that excusable neglect is an "elastic concept" that must be assessed based on the totality of circumstances which include the absence of prejudice, length of delay, good faith, and cause of delay.  <u>Pioneer Ins. Service Co v. Brunswick Assoc.</u>, 507 <u>U.S.</u> 380, 390-95 (1993).

1125137_1

12

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:    **Estate of Paul E. Proske**
       **Date of Death:  June 16, 2005**
       **Social Security Number:  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**
       **Question 7**

Here, the delayed request for an extension was not due to any "willful neglect".  If there was any neglect at all it was "excusable neglect".  This is not a situation where the taxpayer acted in bad faith in an attempt to evade taxes.  The Estate paid the estimated amount of Estate tax with the extension request a soon as it could. The length of delay was short as the extension request was filed within five weeks of the date the Estate tax return was originally due.  And the Estate supplied the estimated tax payment with the extension request.  Had a requested extension been filed on or before March 16th, the return would not have been filed until months after the return was actually filed.

### D.   THE SERVICE WAS NOT PREJUDICED BY THE LATE FILING OF THE ESTATE TAX RETURN.

In many situations where a party seeks to enlarge a time deadline, the government agency or court will consider whether the government's interests or the adversary's interests have been prejudiced by the party's request to enlarge the deadline.  For example, under Federal Rule of Civil Procedure 6(b), the district courts may enlarge the time periods fixed under the Rules.  Enlargements are also allowed under a host of other Rules.  See, e.g., Rule 4(m) (enlargement to serve summons and complaint); Rule 39(b) (enlargement to demand jury trial).  Here, the Service was not prejudiced by the delayed filing of the return.  The Estate acted in good faith and paid its estimated taxes in full within five weeks of the original deadline.  The enlargement of time requested by the Estate on April 25th should have been granted.

FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT

Re:      Estate of Paul E. Proske
           Date of Death:  June 16, 2005
           Social Security Number:  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
           Question 7

E.  THE TAX ASSESSMENT IS DISPROPORTIONATE TO THE INFRACTION.

"Whether a penalty is reasonable or excessive must be determined in light of particular circumstances." Muncie Novelty v. Dept of State Revenue, 720 N.E.2d 779, 782 (Ind. Tax 1999). Moreover, "[a] penalty may be set aside if the discipline imposed is so disproportionate to the offense that it is shocking to one's sense of fairness." Matter of Henry v. Wilson, 85 A.D.2d 885, 886 (4th Dep't 1981). Based on the circumstances in this case, the penalty of over a quarter of a million dollars for the delayed filing of a request for an extension to file an Estate tax return is excessive and results in unjust enrichment to the government. Progressive Consumers Fed. Credit Union v. U.S., 79 F.3d 1228, 1237 (1st Cir. 1996)(recognizing that the doctrine of unjust enrichment is applicable to the federal government) citing to United States v. McCombs, 30 F.3d 310, 333 (2nd Cir. 1994); Dietrich Indus. Inc. v. United States, 988 F.2d 568, 573 (5th Cir. 1993); Han v. United States, 944 F.2d 526, 530 (9th Cir. 1991).

In this matter, the Estate provided the Service with a payment of the Estate's estimated full federal tax liability just five weeks after the March 16th tax return due date had passed. The return was filed as soon as the tax liability could be properly determined. As has been demonstrated, the Estate believes there was good and sufficient cause to grant the April 25th extension request. Had the extension been granted, no penalty would have been imposed. Instead, the Service imposed a Section 6651 penalty of $267,189.71. This penalty equates to the Estate forfeiting approximately $2,968.77 per day. Clearly, a penalty of close to $3,000.00 a day as punishment for a good faith failure to file a request for an extension to file an Estate tax return is excessive.

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:    Estate of Paul E. Proske
       Date of Death: June 16, 2005
       Social Security Number: 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
       Question 7

Based on the totality of circumstances, the $267,189.71 penalty is grossly disproportionate to the taxpayer's alleged offense and imposes a harsh penalty on the Estate despite the Estate's good faith efforts to comply with its responsibilities. The harshness of the penalty is more pronounced given that (i) no penalty would have been imposed at all had the extension to file been granted as it should have been; and (ii) the Service received the Estate's tax payment months sooner than it would have if a request on or before March 16th for the automatic extension had been made. This is clearly not a situation where the taxpayer willfully delayed doing anything.

Finally, "[t]he mission of the IRS is to provide ... top quality service by ... applying the tax law with integrity and fairness to all." Section 1.1.1.1 of the Internal Revenue Manual. The appeals process is designed to "resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer and in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the Service." Section 1.1.7.1 of the Internal Revenue Manual. To impose such a harsh penalty in light of the absence of prejudice to the government, the good faith of the taxpayer, and the short length of delay for reasons not within the taxpayer's control would be contrary to the mission and purpose of the IRS and this appeal process.

F. SUMMARY

The Estate's tax return was originally due to be filed and the Estate tax was due to be paid on March 16, 2006. Because of the complexity of the Decedent's estate, missing material documents, tension among the beneficiaries, and illiquidity of the Estate, the return could not be

1125137_1

**FORM 843 – CLAIM FOR REFUND AND REQUEST FOR ABATEMENT**

Re:    Estate of Paul E. Proske
        Date of Death:  June 16, 2005
        Social Security Number:  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
        Question 7

accurately completed by March 16th and, therefore, could not be filed.  The taxpayer needed an enlargement of time to file the return and to make payment. The taxpayer could have obtained an automatic extension of time to file the return had the request been made on or before March 16th. But to obtain an extension on or before March 16th required the taxpayer's request to be accompanied by the payment of estimated taxes.  This could not be done because a good faith computation of estimated taxes could not be made by March 16th, and because the estate was illiquid.  Instead, the taxpayer filed the request for an extension of time about five weeks later on April 25, 2006.  This request was accompanied by the payment of $1,800,000 in estimated taxes. Despite (i) the short delay between March 16th and April 25th in requesting an extension of time; (ii) the taxpayer's good faith; (iii) the taxpayer's absence of any conscious, intentional failure or reckless indifference; (iv) the exercise by the taxpayer of ordinary business care and prejudice; (v) the presence of excusable, not willful neglect; and (vi) the absence of prejudice to the government the Service has imposed a penalty under Section 6651 plus interest in the amount of approximately $305,000.00.  This penalty is contrary to law, is the equivalent of a forfeiture, is disproportionate to the taxpayer's conduct and, for the reasons given herein, should be refunded.