# EXHIBIT A

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

LLOYD STEELE
Direct dial: (973) 425-8698
lsteele@mdmc-law.com

April 25, 2006

**VIA OVERNIGHT MAIL**
Internal Revenue Service Center
201 W. River Center Blvd.
Covington, KY 41011

Re:     **Estate of Paul E. Proske**
        **Date of Death: June 16, 2005**
        **Social Security Number: 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**
        **Form 4768 Application for Extension**

Dear Sir/Madam:

We represent the executors of the Estate of Paul E. Proske. We enclose Form 4768, Application for Extension of Time to File a Return and/or Pay U.S. Estate Taxes.

A 6-month extension of time to file and pay, until September 18, 2006, is requested in order to accurately and completely value the decedent's assets and determine estate liabilities. We were unable to file the extension request by March 16, 2006, because we needed additional time to construe the provisions of the decedent's prenuptial agreement and because the Estate is highly liquid (see attached). Although we enclose a check in the amount of $1,800,000.00 representing 100% of the estimated tax liability, we request an extension of time to pay in the event that additional assets are discovered which would increase the estate tax liability.

Please acknowledge receipt by stamping the enclosed copy of this letter and return it to me in the envelope provided.

Sincerely yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

Lloyd N. Steele

Enclosures
Cc:    Laura O'Hara, Executrix
792474_1.doc

NEWARK, NEW JERSEY     RIDGEWOOD, NEW JERSEY     NEW YORK, NEW YORK     DENVER, COLORADO

Form **4768**

(Rev. January 2006)
Department of the Treasury
Internal Revenue Service

## Application for Extension of Time To File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes

OMB No. 1545-0181

### Part I   Identification

| Decedent's first name and middle initial<br>**Paul E.** | Decedent's last name<br>**Proske** | Date of death<br>**06/16/2005** |
|---|---|---|
| Name of executor<br>**Laura O'Hara** | Name of application filer (if other than the executor)<br>**Lloyd N. Steele** | Decedent's social security number<br>**122 : 24 : 3041** |
| Address of executor<br>**c/o McElroy, Deutsch, Mulvaney & Carpenter, 1300 Mount Kemble Ave** (Number, street, and room or suite no.) | | Estate tax return due date<br>**03/16/2006** |
| City, state, and ZIP code<br>**Morristown, NJ 07962** | Domicile of decedent (county, state, and ZIP code)<br>**Richmond County, New York 10304** | Daytime telephone number<br>**( 973 ) 993-8100** |

### Part II   Extension of Time To File Form 706, 706-A, 706-D, 706-NA, or 706-QDT (Section 6081)

**Automatic Extension**

If you are applying for an automatic 6-month extension of time to file:
- Form 706, check here
- Form 706-A, 706-D, 706-NA, or 706-QDT, indicate the form by checking the appropriate box below.   ► ☑

☐ Form 706-A        ☐ Form 706-D        ☐ Form 706-NA        ☐ Form 706-QDT

**Additional Extension**

If you are an executor out of the country applying for an extension of time to file in excess of 6 months, check here   ► ☐

Also you must attach a statement explaining in detail why it is impossible or impractical to file Form 706 by the due date. See the instructions.

Enter extension date requested

### Part III   Extension of Time To Pay (Section 6161)

You must attach your written statement to explain in detail why it is impossible or impractical to pay the full amount of the estate (or GST) tax by the return due date. If the taxes cannot be determined because the size of the gross estate is unascertainable, check here ► ☐ and enter "-0-" or other appropriate amount on Part IV, line 3. You must attach an explanation.

Enter extension date requested
(Not more than 12 months)

**9/18/2006**

- If this request is for the tax that will be or was due with the filing of Form 706, check here
- If this request is for the tax that will be due as a result of an amended or supplemental Form 706, check here   ► ☑
- If this request is for additional tax due as a result of an examination of your Form 706, check here   ► ☐
- If this request is for a section 6166 installment payment, check here   ► ☐

### Part IV   Payment To Accompany Extension Request   ► ☐

| | | | | |
|---|---|---|---:|---|
| 1 | Amount of estate and GST taxes estimated to be due | 1 | 1,800,000 | 00 |
| 2 | Amount of cash shortage (complete Part III) | 2 | | |
| 3 | Balance due (subtract line 2 from line 1) (see instructions) | 3 | 0 | 00 |

### Signature and Verification

If filed by executor—Under penalties of perjury, I declare that I am an executor of the estate of the above-named decedent and that to the best of my knowledge and belief, the statements made herein and attached are true and correct.

Executor's signature _____  Title _____  Date _____

If filed by someone other than the executor—Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made herein and attached are true and correct, that I am authorized by an executor to file this application, and that I am (check box(es) that apply(ies)):

☑ A member in good standing of the bar of the highest court of (specify jurisdiction) ► **New Jersey**
☐ A certified public accountant duly qualified to practice in (specify jurisdiction) ►
☐ A person enrolled to practice before the Internal Revenue Service.
☐ A duly authorized agent holding a power of attorney. (The power of attorney need not be submitted unless requested.)

Filer's signature (other than the executor) _____   Date **4/25/06**

For Paperwork Reduction Act Notice, see separate instructions.            Cat. No. 41984P            Form **4768** (Rev. 1-2006)

Estate of Paul E. Proske
SSN: 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
DOD:  June 16, 2005

## Attachment to Form 4768, Part II

Decedent, Paul Proske, died on June 16, 2005.  On December 23, 2005, the

Decedent executed a Prenuptial Agreement with Donna Weller (now Donna Proske), his

surviving spouse.  The calculation of the amount due to the surviving spouse has been

very difficult to determine accurately and has created significant delays in assessing the

overall taxable estate.

In addition, we did not receive all of the appraisals necessary to value the other

estate assets and liabilities, prior to March 16, 2006, and were therefore unable to file a

timely application for an automatic extension.

## Attachment to Form 4768, Part III

The estate is also quite illiquid, as it is comprised primarily of real estate and

retirement plan assets.  The primary source of funds to pay the estate tax is an insurance

policy payable to the estate.  The proceeds from this policy were only recently received.

The balance of the funds was contributed by the beneficiaries of the estate, who were

required to liquidate personal assets to make up the shortfall.  Prior to this time, payment

of the estate tax liability would have been impracticable.

Although we have prepared an estimate of the estate tax liability, we also request

an extension of time to pay in the event that additional assets are discovered which would

increase the estate tax liability.

792539_1

In light of the foregoing, we respectfully request, a 6-month extension of time to file the estate tax return and pay the tax due, until September 18, 2006.

# EXHIBIT B

| Form **4768** | **Application for Extension of Time To File a Return and/or Pay U.S. Estate (and Generation-Skipping Transfer) Taxes** | |
|---|---|---|
| (Rev. January 2006)<br>Department of the Treasury<br>Internal Revenue Service | | OMB No. 1545-0181 |

### Part I   Identification

| Decedent's first name and middle initial<br>Paul E. | Decedent's last name<br>Proske | Date of death<br>06/16/2005 |
|---|---|---|
| Name of executor<br>Laura O'Hara | Name of application filer (if other than the executor)<br>Lloyd N. Steele | Decedent's social security number<br>-122 : 24 :3041 |
| Address of executor (Number, street, and room or suite no.)<br>c/o McElroy, Deutsch, Mulvaney & Carpenter, 1300 Mount Kemble Ave | | Estate tax return due date<br>03/16/2006 |
| City, state, and ZIP code<br>Morristown, NJ 07962 | Domicile of decedent (county, state, and ZIP code)<br>Richmond County, New York 10304 | Daytime telephone number<br>( 973 ) 993-8100 |

### Part II   Extension of Time To File Form 706, 706-A, 706-D, 706-NA, or 706-QDT (Section 6081)

**Automatic Extension**

If you are applying for an automatic 6-month extension of time to file:

- Form 706, check here
- Form 706-A, 706-D, 706-NA, or 706-QDT, indicate the form by checking the appropriate box below. ▶ ☑

☐ Form 706-A      ☐ Form 706-D      ☐ Form 706-NA      ☐ Form 706-QDT

**Additional Extension**

If you are an executor out of the country applying for an extension of time to file in excess of 6 months, check here . . . . ▶ ☐

Also you must attach a statement explaining in detail why it is impossible or impractical to file Form 706 by the due date. See the instructions.

Enter extension date requested

### Part III   Extension of Time To Pay (Section 6161)

You must attach your written statement to explain in detail why it is impossible or impractical to pay the full amount of the estate (or GST) tax by the return due date. If the taxes cannot be determined because the size of the gross estate is unascertainable, check here ▶ ☐ and enter "-0-" or other appropriate amount on Part IV, line 3. You must attach an explanation.

Enter extension date requested<br>(Not more than 12 months)

9/18/2006

- If this request is for the tax that will be or was due with the filing of Form 706, check here . . . . . . ▶ ☑
- If this request is for the tax that will be due as a result of an amended or supplemental Form 706, check here ▶ ☐
- If this request is for additional tax due as a result of an examination of your Form 706, check here . . ▶ ☐
- If this request is for a section 6166 installment payment, check here . . . . . . . . . . . . ▶ ☐

### Part IV   Payment To Accompany Extension Request

| | | | | |
|---|---|---|---|---|
| 1 | Amount of estate and GST taxes estimated to be due . . . . . . . . . | 1 | 1,800,000 | 00 |
| 2 | Amount of cash shortage (complete Part III) . . . . . . . . . . . | 2 | | |
| 3 | Balance due (subtract line 2 from line 1) (see instructions) . . . . . . | 3 | 0 | 00 |

**Signature and Verification**

If filed by executor—Under penalties of perjury, I declare that I am an executor of the estate of the above-named decedent and that to the best of my knowledge and belief, the statements made herein and attached are true and correct.

| | | |
|---|---|---|
| Executor's signature | Title | Date |

If filed by someone other than the executor—Under penalties of perjury, I declare that to the best of my knowledge and belief, the statements made herein and attached are true and correct, that I am authorized by an executor to file this application, and that I am (check box(es) that apply(ies)):

☑ A member in good standing of the bar of the highest court of (specify jurisdiction) ▶ New Jersey

☐ A certified public accountant duly qualified to practice in (specify jurisdiction) ▶

☐ A person enrolled to practice before the Internal Revenue Service.

☐ A duly authorized agent holding a power of attorney. (The power of attorney need not be submitted unless requested.)

| | |
|---|---|
| Filer's signature (other than the executor) | 4/25/06<br>Date |

For Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 41984P      Form **4768** (Rev. 1-2006)

Form 4768 (Rev. 8-2003)

Page **2**

| Decedent's first name and middle initial | Decedent's last name | Decedent's social security number |
|---|---|---|
| Paul E. | Proske | 122 : 24 : 3041 |

**Part VI**   Notice to Applicant- To be completed by the Internal Revenue Service

**1** The application for extension of time to file (Part II or III) is:

☐ Approved ................................................................................

☑ Not approved because ............... Your application was filed after
the due date of return. Due 3-16-06
Please file your return without
delay to avoid additional penalties
& interest. TC

☐ Other

| Internal Revenue Service official | Address | Date |
|---|---|---|
| Name (Please print) Aileen Condon / tc | Internal Revenue Service | |
| Title (Please print) Chief, Estate & Gift Tax Program | 201 W. Rivercenter Blvd. | 06/02/2006 |
| Signature: Aileen F. Condon | E&G Team 301 Stop 824G Covington, KY. 41011 | |

**2** The application for extension of time to pay (Part IV) is:

☐ Approved ................................................................................

☑ Not approved because (see page 3 of the separate instructions for your appeal rights) ...............

Your application was filed after the due date of the return.  Please pay any additional taxes
due without delay to avoid additional penalties and interest. TC

☐ Other

| Internal Revenue Service official | Address | Date |
|---|---|---|
| Name (Please print) Aileen Condon / tc | Internal Revenue Service | |
| Title (Please print) Chief, Estate & Gift Tax Program | 201 W. Rivercenter Blvd. | 06/02/2006 |
| Signature: Aileen F. Condon | E&G Team 301 Stop 824G Covington, KY. 41011 | |

⊕

Form **4768**  (Rev. 8-2003)

# EXHIBIT C

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20224**



**SMALL BUSINESS/SELF-EMPLOYED DIVISION**

**Examining Attorney:** Joseph E. Petrone
290 Broadway, 6th Floor
New York, New York 10007
Attn: Group 1522 JP

**Badge Number:** 13-26049
**Telephone Number:** (212) 436-1885
**Fax Number:** (212) 436-1063

April 2, 2008

Laura O'Hara, Executrix
  c/o Grace Bertone, Esq.
McElroy Deutsch Mulvaney
P.O. Box 2075
Morristown, New Jersey 07962

Re: Estate of Paul E. Proske
Date of Death: 6-16-2005

Dear Ms. Bertone:

Pursuant to my examination of the above referenced estate I enclose the following:

**I. Regarding Agreed Issues.**
1) Copy of my Examination Report consisting of Forms 1273, 6180, and 886-A and an inter-related interest computation. Please note that the report is subject to review. An official report will be issued when you receive the closing letter.
2) Form 890 – Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment. Please have the Executrix sign and date this form.

The amount due consists of: $ 27,212.28 additional tax
                    22,784.10 estimated interest
                  $ 49,996.38 total amount due

Please have Form 890 signed and returned to me with the $49,996.38 payment by April 18, 2008.

**II. Regarding Unagreed Issue.**
3) Letter 950 - ("30-day Letter"). The letter is self-explanatory, with specific procedures required to be followed with regards to the penalty issue.
4) Copy of my Examination Report consisting of Forms 1273, 6180, and 886-A and an inter-related interest computation.
5) Form 890 – Waiver of Restrictions on Assessment and Collection of Deficiency and Acceptance of Overassessment.
       The amount due consists of: $ 13,081.84 penalty

If you should have any questions please do not hesitate to call.

Very truly yours,

Joseph E. Petrone

**Internal Revenue Service**

**Department of the Treasury**

Date: April 2, 2008

Laura O'Hara, Executrix
c/o Grace Bertone, Esq.
McElroy Deutsch Mulvaney
P.O. Box 2075
Morristown, New Jersey 07962

Taxpayer Identification Number:
   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
Form:
   706
Tax Period(s) Ended:
   6/16/2005
   Deficiency: $0.00
   Penalty: $13,081.84
Person to Contact:
   **Joseph Petrone**
Contact Telephone Number:
   (212) 436-1885
Contact Fax Number:
   (212) 436-1063
Employee Identification Number:
   13-26049
Last Date to Respond to this Letter:
   May 2, 2008

Dear Ms. O'Hara:

We have enclosed an examination report showing proposed changes to your tax for the period(s) shown above. Please read the report, and tell us whether you agree or disagree with the changes **by the date shown above.** (This report may not reflect the result of later examinations of partnerships, "S" Corporations, trusts, etc., in which you may have an interest. Changes to those accounts could also affect your tax.)

**What to Do if You Agree with the Proposed Changes**
If you agree with the changes proposed on the examination report, please take the following steps so that we may close your case:

1. Sign and date the enclosed agreement form. If you filed a joint return, both taxpayers must sign the form.

2. Make your check or money order payable to the **United States Treasury.** Enclose payment for tax, interest and any penalties due. You can call the person identified above to determine the total amount due as of the date you intend to make payment.

3. Return the signed agreement form and payment to us at the address referenced in the *Where to Send Your Response* section of this letter. If you pay the full amount due now, you will limit the amount of interest and penalties charged to your account.

**What to Do if You Are Unable to Pay**
If you agree with our findings, but can only pay part of the bill, please call the person identified above to discuss different payment options.

We may ask you to complete a collection information statement so that we can determine your payment options, such as paying in installments. You can also write to us or visit your nearest IRS office to explain your circumstances.

If you do not enclose payment for the additional tax, interest, and any penalties, we will bill you for the unpaid amounts. If you are a "C" Corporation, Section 6621(c) of the Internal Revenue Code provides that an interest rate 2% higher than the standard rate of interest will be charged on deficiencies of $100,000 or more.

**What to Do if You Do Not Agree with the Proposed Changes**
If after reviewing the proposed changes on the examination report you do not agree, you may request a meeting or telephone conference with the supervisor of the person identified in the heading of this letter. If you still do

Letter 950 (Rev. 2-2008)
Catalog Number 40390D

not agree after the meeting or telephone conference, you can request a conference with our Appeals Office. If the total proposed change to your tax and penalties is:

- $25,000 or less for *each* referenced tax period, send us a letter requesting consideration by Appeals. Indicate the issues you don't agree with and the reasons why you don't agree. If you don't want to write a separate letter, you can complete the enclosed Form 13683, *Statement of Disputed Issues,* and return it to us.

- More than $25,000 for *any* referenced tax period, you must submit a formal protest.

**What to Expect from the Appeals Office**
If you request a conference with our Appeals Office, an Appeals Officer may call you to set up an appointment to take a fresh look at your case. The Appeals Office is an independent office and most disputes considered by the Appeals Office are resolved informally and promptly. By requesting a conference with our Appeals Office, you may avoid court costs (such as the Tax Court filing fees), resolve the matter sooner, and/or prevent interest and any penalties from increasing on your account.

If you decide to bypass the Appeals Office and petition the Tax Court directly, your case may be sent to an Appeals Office first to try to resolve the issue(s). Certain procedures and rights in court (for example, the burden of proof and potential recovery of legal costs) depend on you fully participating in the administrative consideration of your case, including consideration by the IRS Appeals Office.

If you do not reach an agreement with our Appeals Office or if you do not respond to this letter, we will send you another letter that will tell you how to obtain Tax Court Review of your case.

**Where to Send Your Response**
You must mail your signed agreement form, completed Statement of Disputed Issues, or a formal protest to us by the response date shown in the heading of this letter. If you decide to request a conference with the examiner's supervisor, please make the request by the response date indicated.

Mail Responses To:    **Internal Revenue Service**
                      **Attn: Joseph Petrone**
                      **290 Broadway, 6th Floor**
                      **New York, New York 10007**
                      **Group 1522JP E&G**

**Who to Contact if You Have Questions**
Please contact the person whose name and telephone number appear in the top right hand corner of this letter. The enclosed Publication 3498, *The Examination Process,* includes information on your "Rights as a Taxpayer", the "IRS Collection Process" and details the requirements for filing a formal protest.

Thank you for your cooperation.

Sincerely yours,

*Stephen R. Gordon*

**Group Supervisor**

Enclosures:
Examination Report
Agreement Forms
Form 13683
Publication 3498
Envelope

Letter 950 (Rev. 2-2008)
Catalog Number 40390D

# Report of Estate Tax Examination Changes

| | | | | Tentative<br>Subject to Review |
|---|---|---|---|---|
| Estate of | | | Social Security Number<br>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 | Date of Death<br>6 16 2005 |
| Paul E. Proske | | | | |
| Name of Person With Whom Findings Were Discussed:<br>Grace Bertone | | | | Agreement Secured<br>[x] Yes    [ ] No |
| | | | Shown on Return | As Corrected |
| 1 | Tentative taxable estate shown on return or as previously adjusted | | | 6,041,964.56 |
| 2 | Increase <decrease> in tentative taxable estate | | | 65,864.88 |
| 3a | Tentative taxable estate as corrected (line 1 plus (minus) line 2) | | | 6,107,829.44 |
| 3b | State Death Tax Deduction | | 515,835.75 | 523,802.17 |
| 3c | Taxable estate as corrected (line 3a minus line 3b) | | 5,526,128.81 | 5,584,027.27 |
| 4 | Adjusted Taxable Gifts | | 0.00 | 0.00 |
| 5 | Total | | 5,526,128.81 | 5,584,027.27 |
| 6 | Tentative Tax | | 2,438,080.54 | 2,465,292.82 |
| 7 | Aggregate gift taxes payable (after Dec. 31, 1976) | | 0.00 | 0.00 |
| 8 | Subtract line 7 from line 6 | | 2,438,080.54 | 2,465,292.82 |
| 9 | Unified Credit against estate tax | | 555,800.00 | 555,800.00 |
| 10 | Adjustment to unified credit | | 0.00 | 0.00 |
| 11 | Subtract line 10 from line 9 | | 555,800.00 | 555,800.00 |
| 12 | Subtract line 11 from line 8 (not less than zero) | | 1,882,280.54 | 1,909,492.82 |
| 13 | Credit for State death taxes | | 0.00 | 0.00 |
| | Tentatively allowed | | | |
| | Submit evidence by | | | |
| 14 | Subtract line 13 from line 12 | | 1,882,280.54 | 1,909,492.82 |
| 15 | Credit for Federal gift taxes on pre-1977 gifts | | 0.00 | 0.00 |
| 16 | Credit for foreign death taxes (statutory) | | 0.00 | 0.00 |
| 17 | Credit for tax on prior transfers | | 0.00 | 0.00 |
| 18 | Credit for foreign death taxes (special treaty) | | 0.00 | 0.00 |
| 19 | Total credits (add lines 15, 16, 17 and 18) | | 0.00 | 0.00 |
| 20 | Net estate tax payable | | 1,882,280.54 | 1,909,492.82 |
| 21 | Generation-skipping transfer taxes (Schedule R, Part 2, line 12) | | 0.00 | 0.00 |
| 22 | Section 4980A - increased estate taxes (Schedule S) | | 0.00 | 0.00 |
| 23 | Total transfer taxes (add lines 20, 21 and 22) | | 1,882,280.54 | 1,909,492.82 |
| 24 | Total tranfer tax previously assessed | | | 1,882,280.54 |
| 25 | Total transfer tax - Increase <decrease> (difference between line 23 and line 24) | | | 27,212.28 |
| 26 | Penalties previously assessed | | | 0.00 |
| 27 | Penalties as corrected | | | 0.00 |
| 28 | Net Penalties - Increase <decrease> (difference between line 26 and line 27) | | | 0.00 |
| 29 | Net tax and penalties payable - Increase <decrease> (add line 25 and line 28) | | | 27,212.28 |

| Examiner's Signature (Joseph E. Petrone)<br>*Joseph Petrone* | Area<br>SB/SE Manhattan | Date<br>3 19 2008 |
|---|---|---|

Form 1273 (Rev. 12/05)

Page 1/4

(Rev. 4/99)

Department of the Treasury - Internal Revenue Service

Line Adjustment — Estate Tax

| | | Tentative - Subject to Review |
|---|---|---|
| Estate of | Social Security Number | Date of Death |
| Paul E. Proske | 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 | 6 16 2005 |

| | | Shown on Return | Change | As Corrected |
|---|---|---|---|---|
| 1 | Schedule A, Real Estate | | | |
| 2 | Schedule B, Stocks and Bonds | 287,500.00 | 33,000.00 | 320,500.00 |
| 3 | Schedule C, Mortgages, Notes, and Cash | 305,034.27 | 0.00 | 305,034.27 |
| 4 | Schedule D, Insurance on the Decedent's Life | 176,989.74 | 0.00 | 176,989.74 |
| 5 | Schedule E - Joint Owned Property | 1,217,084.43 | 0.00 | 1,217,084.43 |
| 6 | Schedule F, Other Miscellaneous Property | 23,253.55 | 0.00 | 23,253.55 |
| 7 | Schedule G, Transfers During Decedent's Life | 49,805.00 | 36,582.00 | 86,387.00 |
| 8 | Schedule H, Powers of Appointment | 1,100,000.00 | 100,000.00 | 1,200,000.00 |
| 9 | Schedule I, Annuities | 0.00 | 0.00 | 0.00 |
| 10 | Gross Estate | 3,778,542.23 | 0.00 | 3,778,542.23 |
| 11 | Sch. U, Qua. Conservation Easement Exclusion | 6,938,209.22 | 169,582.00 | 7,107,791.22 |
| 12 | Gross Estate less exclusion | 0.00 | 0.00 | 0.00 |
| 13 | Schedule J - Funeral & Administrative Expenses | 6,938,209.22 | 169,582.00 | 7,107,791.22 |
| 14 | Schedule K, Debts of Decedent | 133,140.60 | 93,815.40 | 226,956.00 |
| 15 | Schedule K, Mortgages and Liens | 6,546.44 | 0.00 | 6,546.44 |
| 16 | Total of Schedules J and K (Items 13, 14, & 15) | 87,811.62 | 0.00 | 87,811.62 |
| 17 | Allowable deductions from Schedules J and K | 227,498.66 | 93,815.40 | 321,314.06 |
| 18 | Schedule L, Net Losses During Administration | 227,498.66 | 93,815.40 | 321,314.06 |
| 19 | Sch. L, Expenses, Prop. Not Subject to Claims | 0.00 | 0.00 | 0.00 |
| 20 | Total (Add items 17, 18, & 19) | 0.00 | 0.00 | 0.00 |
| 21 | Schedule M, Marital Deduction | 227,498.66 | 93,815.40 | 321,314.06 |
| 22 | Schedule O, Charitable Bequests | 668,746.00 | 9,901.72 | 678,647.72 |
| 23 | ESOP Deduction | 0.00 | 0.00 | 0.00 |
| 24 | Sch. T, Qua. Family-Owned Business Int. Ded. | 0.00 | 0.00 | 0.00 |
| 25 | Total Allowable Deductions (Items 20 to 24) | 0.00 | 0.00 | 0.00 |
| 26 | Tentative Taxable Estate (Subtract line 25 from line 12) | 896,244.66 | 103,717.12 | 999,961.78 |
| Remarks | | 6,041,964.56 | 65,864.88 | 6,107,829.44 |

n 6180 (Rev. 4/99)

(Rev. 1/99)    Department of the Treasury - Internal Revenue Service
**Explanation of Items**    Tentative - Subject to Review

| Estate of | Social Security Number | Date of Death |
|---|---|---|
| Paul E. Proske | 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 | 6 16 2005 |

## Schedule A, Real Estate

| | Description | Shown on Return | As Corrected |
|---|---|---|---|
| 1. | Interest in property located at 1354-1356 Bay Street, Staten Island, NY | 287,500.00 | 320,500.00 |
| | Total of these items | | |
| | Shown on Return | 287,500.00 | 320,500.00 |
| | Change to schedule | | 287,500.00 |
| | | | 33,000.00 |

Item 1.  The value of the gross estate has been adjusted to reflect the fair market value of the above asset(s), as of the applicable valuation date. Code section 2031.

The value of every item of property includible in the decedent's estate is its fair market value at the time of the decedent's death. Code section 2031; Treas. Reg. 20.2031-1(b).

The fair market value of an asset is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts. Treas. Reg. 20.2031-1(b).

## Schedule F, Other Miscellaneous Property

| | Description | Shown on Return | As Corrected |
|---|---|---|---|
| 1. | 2005 Federal Income Tax Refund | | |
| 2. | 2005 NY State Income Tax Refund | 0.00 | 23,575.00 |
| | Total of these items | 0.00 | 13,007.00 |
| | Shown on Return | 0.00 | 36,582.00 |
| | Change to schedule | | 0.00 |
| | | | 36,582.00 |

Items 1 & 2.  The gross estate of a decedent includes the value of all property to the extent of the decedent's interest therein at the time of his death. Code section 2033.

The value of the gross estate has been adjusted to reflect the fair market value of the above asset(s), as of the applicable valuation date. Code section 2031.

## Schedule G, Transfers During Decedent's Life

| | Description | Shown on Return | As Corrected |
|---|---|---|---|
| 1. | QPRT house located at 246 Douglas Road, Staten Island, New York | 1,100,000.00 | 1,200,000.00 |
| | Total of these items | | |
| | Shown on Return | 1,100,000.00 | 1,200,000.00 |
| | Change to schedule | | 1,100,000.00 |
| | | | 100,000.00 |

Item 1.  Real property has been adjusted to its fair market value on the valuation date based upon a) the nature of the property, b) its location, c) the type of improvements, d) sales of comparable parcels of property, e) the fair rental income and expenses of the property, f) and a sale of the property in an arm's-length transaction within a reasonable time of the valuation.  Section 20.2031-1(b) of the Federal Estate Tax Regulations.

| Estate of | Social Security Number | Date of Death |
|---|---|---|
| Paul E. Proske | 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 | 6 16 2005 |

## Schedule J, Funeral & Administrative Expenses

| | Description | Shown on Return | As Corrected |
|---|---|---|---|
| 1. | Attorney's Fees | 40,000.00 | 75,000.00 |
| 2. | Accountant Fees | 0.00 | 10,000.00 |
| 3. | Estimated Federal Interest Deduction | 0.00 | 22,784.10 |
| 4. | Estimated New York State Interest Deduction | 0.00 | 26,031.30 |
| | Total of these items | 40,000.00 | 133,815.40 |
| | Shown on Return | | 40,000.00 |
| | Change to schedule | | 93,815.40 |

Item 1. A deduction for attorney's fees is adjusted to the amount actually paid and allowable under the Federal Estate Tax Regulations, taking into account the size and character of the estate, the local practice and New York statutory and case law. New York Surrogate's Court Procedure Act, Section 2110; Section 20.2053-3(c) of the Federal Estate Tax Regulations; Matter of Freeman, 34 NY 2d 1 (1974).

Item 2. Accounting fees is adjusted to reflect the allowable deduction for accounting fees which were incurred and paid by the executor during administration of the estate. Section 20.2053-3(d) of the Federal Estate Tax Regulations.

Items 3 & 4. INTEREST ON FEDERAL and STATE ESTATE TAXES

An adjustment has been provided to allow a deduction for Federal and State interest computed to be due and owing on the Estate tax deficiency, pursuant to the provisions of Revenue Ruling 79-252, 1979-2 C.B. 333.

This deduction is only allowable in AGREED issue cases.

## Schedule M, Marital Deduction

| | Description | Shown on Return | As Corrected |
|---|---|---|---|
| 1. | Marital Bequests (10% of Adjusted Gross Estate) | 668,746.00 | 678,647.72 |
| | Total of these items | 668,746.00 | 678,647.72 |
| | Shown on Return | | 668,746.00 |
| | Change to schedule | | 9,901.72 |

Item 1. The marital deduction has been adjusted to reflect the maximum allowable value of the deductible interests passing to the surviving spouse within the meaning of Code section 2056.

(Rev. 1/99)    Department of the Treasury – Internal Revenue Service    Form 866-A
Case 2:09-cv-00670-DMC-MF    Document 1-1    Filed 03/17/09    Page 17 of 34 PageID: 48
Explanation of Items
Subject to Review.

| Estate of<br>Paul E. Proske | Social Security Number<br>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 | Date of Death<br>6 16 2005 |
|---|---|---|

## Adjustment to State Death Tax Deduction

|  | Shown on Return | As Corrected |
|---|---|---|
| Total of this schedule |  |  |
| Shown on Return | 515,835.75 | 523,802.17 |
| Change to schedule |  | 515,835.75 |
|  |  | 7,966.42 |

Item 1.  State Death Tax Deduction

In general, pursuant to Internal Revenue Code section 2058,

The value of the taxable estate is determined by deducting from the gross estate any estate, inheritance, legacy, or succession taxes actually paid to any State or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent.  IRC Section 2058(a).

Estate of: Paul E. Proske, DD: 6 16 2005
File Name: C:\Program Files\EST3\Proske2..ET3
Inter-Est Version 3.00, Release 123c, (Verbose Output) (Downloaded)
Date and time of run: Wednesday, March 19, 2008, 11:46 AM
Inflation factor used for this computation

Tentative -
Subject to Review

117.1700000 %

## MARITAL DEDUCTION SECTION

| | | |
|---|---|---|
| Specific Bequests to Spouse | | 0.00 |
| Percentage of Residue to Spouse | 0.0000000 % | |
| Spousal Bequest from Residue | | 0.00 |
| Formula Option Selected | | |
| Percentage of Adjusted Gross Estate Formula Selected | | |
| Community Prop. in Gross Estate | 0.00 | |
| Total Adj. Gross Estate | 6,786,477.16 | |
| Percent of AGE to Spouse | 10.0000000 % | |
| Adj. Gross Est. to Spouse | 678,647.72 | |
| Spousal Bequest from Formula | | 678,647.72 |
| Total Bequests to Spouse | | 678,647.72 |

## MAIN PRINTOUT SECTION

| | | |
|---|---|---|
| Gross Estate | | 7,107,791.22 |
| Sch. JK&L (before interrelated) | 272,498.66 | |
| Int, Federal | 22,784.10 | |
| Int, New York | 26,031.30 | |
| Debts & Expenses | 321,314.06 | |
| Marital Deduction | 678,647.72 | |
| Charitable Deduction | 0.00 | |
| State Death Tax Deduction | 523,802.17 | |
| Total Deductions | | |
| Taxable Estate | | 1,523,763.95 |
| Adjusted Taxable Gifts | | 5,584,027.27 |
| Total Amount Drawing Tax | | 0.00 |
| Tentative Tax | | 5,584,027.27 |
| Aggregate Gift Tax Payable | | 2,465,292.82 |
| Tax before Unified Credit | | 0.00 |
| Unified Credit from Table | | 2,465,292.82 |
| Adjustment to Unified Credit | 555,800.00 | |
| Net Unified Credit | | 0.00 |
| Tax before SDTC | | 555,800.00 |
| State Death Tax Credit | | 1,909,492.82 |
| Net Tax after State Death Tax Credit | | 0.00 |
| Gift Tax Credit | | 1,909,492.82 |
| Foreign Death Tax Credit (Statutory) | 0.00 | |
| Prior Transfer Credit | 0.00 | |
| Foreign Death Tax Credit (Treaty) | 0.00 | |
| Total Credits | 0.00 | |
| Estate Tax | | 0.00 |
| Generation Skipping Transfer Tax | | 1,909,492.82 |
| Total Federal Tax | | 0.00 |
| | | 1,909,492.82 |

## FEDERAL INTEREST OPTION SELECTED

Interest Table File: C:\Program Files\EST3\Federal.IT4
Interest Table Description: Federal (RProc 95-17)(6/06)
Special Interest Rate Used (old):   4.0000000 %
Special Interest Rate Used (new):   2.0000000 %
INTEREST FACTORS USED

Page 6/9

Estate of: Paul E. Proske, DD: 6 16 2005

Page 2

### From: Thu 3 16 2006  To: Wed 4 26 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 41 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) |  | c | 0.7893248 % |
| Regular Interest Factor (45%) |  | c | 0.3544470 % |
| Special Interest Factor (old) |  | c | 0.4503012 % |
| Special Interest Factor (new) |  | c | 0.2249039 % |
| Refund Interest Factor |  | c | 0.7893248 % |

### From: Wed 4 26 2006  To: Thu 6 15 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 50 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) |  | c | 0.9634235 % |
| Regular Interest Factor (45%) |  | c | 0.4324204 % |
| Special Interest Factor (old) |  | c | 0.5494189 % |
| Special Interest Factor (new) |  | c | 0.2743407 % |
| Refund Interest Factor |  | c | 0.9634235 % |

### From: Thu 6 15 2006  To: Wed 6 28 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 13 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) |  | c | 0.2496021 % |
| Regular Interest Factor (45%) |  | c | 0.1122498 % |
| Special Interest Factor (old) |  | c | 0.1425594 % |
| Special Interest Factor (new) |  | c | 0.0712563 % |
| Refund Interest Factor |  | c | 0.2496021 % |

### From: Wed 6 28 2006  To: Wed 3 26 2008

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 2 | 7.0000 % | 7.0000 % |
| Compound (95-17) | Days = 549 | 8.0000 % | 8.0000 % |
| Compound (95-17) (Leap) | Days = 86 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) |  | c | 14.6995164 % |
| Regular Interest Factor (45%) |  | c | 6.3663616 % |
| Special Interest Factor (old) |  | c | 7.2270804 % |
| Special Interest Factor (new) |  | c | 3.5506085 % |
| Refund Interest Factor |  | c | 14.6995164 % |

### PART 1

| Due Date | Date | Tax Pmt. | Int. Pmt. |  |
|---|---|---|---|---|
| Pd # 1 | 3 16 2006 | 0.00 | 0.00 | P |
| Pd # 2 | 4 26 2006 | 1,800,000.00 | 0.00 |  |
| Pd # 3 | 6 15 2006 | 50,000.00 | 0.00 |  |
| Pd # 4 | 6 28 2006 | 32,940.44 | 0.00 |  |
|  | 3 26 2008 |  |  |  |

P = Period entry for Interest on Penalty Computation

### PART 2

| Due Date | Starting Balance | Tax Paid | Interest Balance | Applied To Balance |
|---|---|---|---|---|
| Pd # 1 | 1,909,492.82 | 0.00 | 0.00 | 0.00 |
| Pd # 2 | 1,909,492.82 | 1,800,000.00 | 15,072.10 | 1,800,000.00 |
| Pd # 3 | 109,492.82 | 50,000.00 | 16,272.19 | 50,000.00 |
| Pd # 4 | 59,492.82 | 32,940.44 | 16,461.30 | 32,940.44 |
|  | 26,552.38 | 0.00 | 22,784.10 | 0.00 |

### PART 3

*Page 7/7*

| | Interest Drawing Int. | Total Amount Drawing Int. | Interest Factor | Interest |
|---|---|---|---|---|
| Pd # 1 | 0.00 | 1,909,492.82 | 0.7893248 % | |
| Pd # 2 | 15,072.10 | 124,564.92 | 0.9634235 % | 15,072.10 |
| Pd # 3 | 16,272.19 | 75,765.01 | 0.2496021 % | 1,200.09 |
| Pd # 4 | 16,461.30 | 43,013.68 | 14.6995164 % | 189.11 |
| Total Interest Deduction | | | | 6,322.80 |
| | | | | 22,784.10 |

## STATE TAX COMPUTATION SECTION - New York

State Tax Computation based upon New York Law

| | | |
|---|---|---|
| Federal Gross Estate | 7,107,791.22 | |
| Federal Conservation Easements (Sch. U) | 0.00 | |
| Qualified New York Conservation Easements | 0.00 | |
| Federal Gross Estate for New York | | 7,107,791.22 |
| Federal Deductions | 999,961.78 | |
| Family Owned Bus. Deduction | 0.00 | |
| Total State Deductions | | 999,961.78 |
| Adjusted Taxable Estate | | 6,107,829.44 |
| Adjusted Taxable Gifts | 0.00 | |
| Total | | 6,107,829.44 |
| Tentative Tax | | 3,000,106.19 |
| Aggregate Gift Tax Paid | 0.00 | |
| Tax before Credits | | 3,000,106.19 |
| Unified Credit | 345,800.00 | |
| Adjustment to Unified Credit | 0.00 | |
| Allowable Unified Credit | | 345,800.00 |
| Tax After Allowable Unified Credit | | 2,654,306.19 |
| State Death Tax Credit | | 523,802.17 |
| | | |
| Decedent was Resident of State | | |
| 12. Property located outside New York State | 0.00 | |
| 13. Limited Power of Appointment | 0.00 | |
| 14. Line 12 less Line 13 | 0.00 | |
| 3. Amount from Sch. 1, line 14 | | 0.00 |
| Federal Gross Estate for New York | 7,107,791.22 | |
| 5. Line 3 divided by Federal gross for New York | 0.0000000 % | |
| 6. Multiply Federal gross for New York State by Line 5 | | 0.00 |
| 8. New York State estate tax | | 523,802.17 |

## STATE INTEREST OPTION SELECTED

Interest Table File: C:\Program Files\EST3\NewYork.IT4
Interest Table Description: New York (11-06)
Special Interest Rate Used (old):    4.0000000 %
Special Interest Rate Used (new):    2.0000000 %
INTEREST FACTORS USED

From: Thu 3 16 2006  To: Wed 9 13 2006

| | | | Regular | Refund |
|---|---|---|---|---|
| Compound (95-17) | Days = 106 | 8.0000 % | 6.0000 % | |
| Compound (95-17) | Days = 75 | 9.0000 % | 7.0000 % | |
| Regular Interest Factor (100%) | | c | 4.2603762 % | |
| Regular Interest Factor (45%) | | c | 1.8953107 % | |
| Special Interest Factor (old) | | c | 2.0032540 % | |
| Special Interest Factor (new) | | c | 0.9966878 % | |
| Refund Interest Factor | | c | 3.2316605 % | |

Page 8/7

Estate of: Paul E. Proske, DD   6 16 2005                    Tentative
From: Wed 9 13 2006  To: Wed 3 26 2008                Subject To Review      Page 4

|  |  |  | Regular | Refund |
|---|---|---|---|---|
| Compound (95-17) | Days = 474 | | 9.0000 % | 7.0000 % |
| Compound (95-17) (Leap) | Days = 86 | | 8.0000 % | 6.0000 % |
| Regular Interest Factor (100%) | | c | 14.5290212 % | |
| Regular Interest Factor (45%) | | c | 6.2952276 % | |
| Special Interest Factor (old) | | c | 6.3261161 % | |
| Special Interest Factor (new) | | c | 3.1146424 % | |
| Refund Interest Factor | | c | 11.0702390 % | |

## PART 1

|  | Date | Tax Pmt. | Int. Pmt. | |
|---|---|---|---|---|
| Due Date | 3 16 2006 | | | |
| Pd # 1 | 9 13 2006 | 0.00 | 0.00 | P |
| Pd # 2 | 3 26 2008 | 515,835.75 | 4,710.38 | |

P = Period entry for Interest on Penalty Computation

## PART 2

|  | Starting Balance | Tax Paid | Interest Balance | Applied To Balance |
|---|---|---|---|---|
| Due Date | 523,802.17 | | | |
| Pd # 1 | 523,802.17 | 0.00 | 0.00 | 0.00 |
| Pd # 2 | 7,966.42 | 515,835.75 | 17,605.56 | 515,835.75 |
|  |  | 0.00 | 21,320.92 | 0.00 |

## PART 3

|  | Interest Drawing Int. | Total Amount Drawing Int. | Interest Factor | Interest |
|---|---|---|---|---|
| Pd # 1 | 0.00 | 523,802.17 | 4.2603762 % | 22,315.94 |
| Pd # 2 | 17,605.56 | 25,571.98 | 14.5290212 % | 3,715.36 |
| Total Interest Deduction | | | | 26,031.30 |

LAST LINE OF PRINTOUT

Page 9/9

Form 890
(Rev. Oct. 1988)

Department of the Treasury - Internal Revenue Service

**Waiver of Restrictions on Assessment and Collection
of Deficiency and Acceptance of Overassessment —
Estate, Gift, and Generation-Skipping Transfer Tax**
(Please see the instruction on the second page of this form)

Date Received by
Internal Revenue
Service

## Part 1, Consent to Assessment and Acceptance of Overassessment

I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept an
overassessment (decrease in tax and penalties) shown below, plus any interest provided by law. I understand that by my signing
this waiver, a petition to the United States Tax Court may not be made, unless additional deficiencies are determined.

Date of Death or
Period Ending      6 16 2005

| Tax | Item | Increase | Decrease |
|---|---|---|---|
| Penalty | | 27,212.28 | 0.00 |
| Total | | 0.00 | 0.00 |
| | | 27,212.28 | 0.00 |

If the estate is required to file with the Area Director of Internal Revenue evidence of payment of estate, inheritance,
legacy, succession or generation-skipping transfer taxes to any State or the District of Columbia, I understand that such
evidence must be filed by _____ , or the credits for these taxes will not be allowed. I also agree to the assessment
and collection of the increase in estate tax and penalties of _____ based on the disallowed credits,
plus interest figured to the 30th day after _____ or until this increase is assessed, whichever is earlier.

This is a partial agreement case. The issue of the
late filing penalty is unagreed and will be forwarded
to appeals upon receipt of a formal protest.

Estate of
Paul E. Proske

| Executor or Administrator | Sign \ Here / Address | | Date |
|---|---|---|---|

| Executor or Administrator | Sign \ Here / Address | | Date |
|---|---|---|---|

| nor | Name Address | | |
|---|---|---|---|

| nor's nature | Sign \ Here / | | Date |
|---|---|---|---|

Form 890 (Rev. 10-66)

## Part 2, Unified Credit Agreement

I agree to the increase or decrease in the total allowed Unified Credit by the amount shown below.

| Unified Credit | | Increase | Decrease |
|---|---|---|---|
| Donor | Name | | |
| | Address | | |
| Donor's Signature | Sign \ Here / | | Date |

## Part 3, Gift Tax Marital Deduction

I agree to the increase or decrease in the usage of the gift tax marital deduction by the amount shown below.

| Marital Deduction | | Increase | Decrease |
|---|---|---|---|
| Donor | Name | | |
| | Address | | |
| Donor's Signature | Sign \ Here / | | Date |

## Instructions

**Consent to Assessment and Acceptance of Overassessment**

If you consent to the assessment of the deficiencies shown in Part 1 of the form, please sign the agreement under Part 1 and return the form to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent a claim for refund from being filed (after the tax has been paid) if you later believe it is warranted, nor prevent us from later determining that additional tax is owed, nor extend the time provided by law for either action.

If a claim is later filed and the Service disallows it, a suit for refund may be filed in a Federal District Court or in the United States Claims Court, but a petition may n ot be filed with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due resulting from any decrease in ta and penalties determined by the Internal Revenue Service, shown on the front of this form, provided part 1 of this form is signed and filed within the period established by law for making such a claim.

**Unified Credit Agreement**

If you agree with the increase or decrease of the allowed credit shown in Part 2 of this form, please sign the agreement under Part 2 and return the form.

**Marital Deduction Agreement**

If you agree with the increase or decrease in the usage of the gift tax marital deduction by the amount shown in Part 3 of this form, please sign the agreement under Part 3 and return this form.

**Signature Instructions**

If the executor or administrator is a corporation, the waiver should be signed with the corporate name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided the action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

Form 890 (Rev. 10-66)

**Form 1273**
(Rev. 12/05)

**Department of the Treasury - Internal Revenue Service**

# Report of Estate Tax Examination Changes

| Estate of<br>Paul E. Proske | Social Security Number<br>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 | Date of Death<br>6 16 2005 |
|---|---|---|
| Name of Person With Whom Findings Were Discussed:<br>Grace Bertone | | Agreement Secured<br>[ ] Yes    [x] No |

| | | Prior Assessment | As Corrected |
|---|---|---|---|
| 1 | Tentative taxable estate on return | | 6,107,829.44 |
| 2 | Increase <decrease> in tentative taxable estate | | 0.00 |
| 3a | Tentative taxable estate as corrected | | 6,107,829.44 |
| 3b | State Death Tax Deduction | 523,802.17 | 523,802.17 |
| 3c | Taxable estate as corrected | 5,584,027.27 | 5,584,027.27 |
| 4 | Adjusted Taxable Gifts | 0.00 | 0.00 |
| 5 | Total | 5,584,027.27 | 5,584,027.27 |
| 6 | Tentative Tax | 2,465,292.82 | 2,465,292.82 |
| 7 | Aggregate Gift Tax Payable | 0.00 | 0.00 |
| 8 | Tax before Unified Credit | 2,465,292.82 | 2,465,292.82 |
| 9 | Unified Credit from Table | 555,800.00 | 555,800.00 |
| 10 | Adjustment to Unified Credit | 0.00 | 0.00 |
| 11 | Net Unified Credit | 555,800.00 | 555,800.00 |
| 12 | Tax before SDTC | 1,909,492.82 | 1,909,492.82 |
| 13 | State Death Tax Credit | 0.00 | 0.00 |
| | Tentatively allowed | | |
| | Submit evidence by | | |
| 14 | Net Tax after State Death Tax Credit | 1,909,492.82 | 1,909,492.82 |
| 15 | Gift Tax Credit | 0.00 | 0.00 |
| 16 | Foreign Death Tax Credit (Statutory) | 0.00 | 0.00 |
| 17 | Prior Transfer Credit | 0.00 | 0.00 |
| 18 | Foreign Death Tax Credit (Treaty) | 0.00 | 0.00 |
| 19 | Total Credits | 0.00 | 0.00 |
| 20 | Estate Tax | 1,909,492.82 | 1,909,492.82 |
| 21 | Generation Skipping Transfer Tax | 0.00 | 0.00 |
| 22 | Increased Estate Tax | 0.00 | 0.00 |
| 23 | Total Federal Tax | 1,909,492.82 | 1,909,492.82 |
| 24 | Total tranfer tax previously assessed | | 1,909,492.82 |
| 25 | Total transfer tax - Increase <decrease> | | 0.00 |
| 26 | Penalties previously assessed Irc. Sec. 6651(a)(1) | | 254,107.87 |
| 27 | Penalties as corrected  IRc Sec. 6651(a)(1) | | 267,189.71 |
| 28 | Net penalties - Increase <decrease> | | 13,081.84 |
| 29 | Net tax and penalties payable - Increase <decrease> | | 13,081.84 |

| Examiner's Signature<br>Joseph Petrone | Area<br>SB/SE Manhattan | Date<br>4 2 2008 |
|---|---|---|

Form 1273 (Rev. 12/05)

Page 1/1

| Form 6180 (Rev. 4/99) | Department of the Treasury — Internal Revenue Service |
|---|---|

## Line Adjustment — Estate Tax

Estate of
**Paul E. Proske**

Social Security Number
**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**

Date of Death
**6 16 2005**

| | | Prior Assessment | Change | As Corrected |
|---|---|---|---|---|
| 1 | A – Real Estate | 320,500.00 | 0.00 | 320,500.00 |
| 2 | B – Stocks & Bonds | 305,034.27 | 0.00 | 305,034.27 |
| 3 | C – Notes & Cash | 176,989.74 | 0.00 | 176,989.74 |
| 4 | D – Insurance | 1,217,084.43 | 0.00 | 1,217,084.43 |
| 5 | E- Joint Property | 23,253.55 | 0.00 | 23,253.55 |
| 6 | F – Misc. Prop. | 86,387.00 | 0.00 | 86,387.00 |
| 7 | G – Transfers | 1,200,000.00 | 0.00 | 1,200,000.00 |
| 8 | H – Powers | 0.00 | 0.00 | 0.00 |
| 9 | I – Annuities | 3,778,542.23 | 0.00 | 3,778,542.23 |
| 10 | Gross Estate | 7,107,791.22 | 0.00 | 7,107,791.22 |
| 11 | U – Cons. Exclusion | 0.00 | 0.00 | 0.00 |
| 12 | Gross less exc. | 7,107,791.22 | 0.00 | 7,107,791.22 |
| 13 | J – Adm. Ex. | 226,956.00 | 0.00 | 226,956.00 |
| 14 | K – Debts | 6,546.44 | 0.00 | 6,546.44 |
| 15 | K – Mortgages | 87,811.62 | 0.00 | 87,811.62 |
| 16 | Total, Sch J&K | 321,314.06 | 0.00 | 321,314.06 |
| 17 | Allowable amount | 321,314.06 | 0.00 | 321,314.06 |
| 18 | L – Net Losses | 0.00 | 0.00 | 0.00 |
| 19 | L – Expenses | 0.00 | 0.00 | 0.00 |
| 20 | Total | 321,314.06 | 0.00 | 321,314.06 |
| 21 | M – Marital Ded. | 678,647.72 | 0.00 | 678,647.72 |
| 22 | O – Charitable Ded. | 0.00 | 0.00 | 0.00 |
| 23 | ESOP Deduction | 0.00 | 0.00 | 0.00 |
| 24 | T – Family Business D. | 0.00 | 0.00 | 0.00 |
| 25 | Total Allowable Ded. | 999,961.78 | 0.00 | 999,961.78 |
| 26 | Tentative Taxable | 6,107,829.44 | 0.00 | 6,107,829.44 |

Remarks

Form 6180 (Rev. 4/99)

| Form 886A (Rev. 1/94) | Department of the Treasury - Internal Revenue Service | |
|---|---|---|
| | **Explanation of Items** | |

| Estate of Paul E. Proske | Social Security Number 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 | Date of Death 6 16 2005 |
|---|---|---|

### Penalties

| | | Prior Assessment | As Corrected |
|---|---|---|---|
| 1. | Federal Penalty - Sec. 6651(a) Penalty - Failure to File | 254,107.87 | 267,189.71 |
| | Total of this schedule | 254,107.87 | 267,189.71 |
| | Prior Assessment | | 254,107.87 |
| | Change to schedule | | 13,081.84 |

Item 1.   Failure to File .  A penalty is assessed under Section 6651(a)(1) of the Internal Revenue Code for failure to file the Federal Estate Tax Return within the time required by Section 6075(a) of the Internal Revenue Code or under any extension of time to file granted under Section 6081 of the Internal Revenue Code. No reasonable cause has been shown for the late filing. See also U.S. v. Boyle, 469 US 241 (1985), Supreme Court decision # 83-1266.

6651(a)(1) - Failure to File.   In case of failure to file any return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is not for more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. Section 6651(a)(1).

Reasonable cause defined.  To demonstrate "reasonable cause," a taxpayer filing a late return must show that he/she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Treas. Reg. 301.6651-1(c)(1). The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing. 469 U.S. 241 (1985).

6651(a)(2) - Failure to Pay.  In case of failure to pay the amount shown as tax on any return on or before the date prescribed for payment of such tax, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there should be added to the amount required to be shown as tax on such return 0.5 percent of the amount of such tax if the failure is not for more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. Section 6651(a)(2).

The amount of the addition to the tax under Code section 6651(a)(1) shall be reduced by the amount of the additional Code section 6651(a)(2) for any month to which an addition to tax applies under both. Code section 6651(c)(1); Treas. Reg. 301.6651-1(a)(1).

The Sec. 6651(a)(1) penalty was calculated as follows:

| | |
|---|---|
| Total Federal Tax (as revised) | 1,909,492.82 |
| (number of months late [3] times 5%) | 15% |

Form 886A

| Form 886A (Rev. 1/99) | Department of the Treasury - Internal Revenue Service |
|---|---|
| | **Explanation of Items** |

| Estate of | Social Security Number | Date of Death |
|---|---|---|
| Paul E. Proske | 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 | 6 16 2005 |

## CONTINUATION SCHEDULE
### Penalties

| | |
|---|---|
| Sec. 6651(a)(1) penalty before adjustment | 286,423.92 |
| Less Sec. 6651(a)(2) adjustment: | |
| (number of months late times 0.5%) | |
| Pmt of 1,800,000 2 months late x 0.5% | (18,000) |
| Pmt of   50,000  3 months late x 0.5% | (750) |
| *Pmt of   32,940  4 months late x 0.5% | (484.21) |
| Sec. 6651(a)(1) Penalty | 267,189.71 |

Please note that the Sec. 6651 (a)(1) penalty previosly assessed by the
service center was 254,107.87; the amount should have been previosly
assessed as follows:

| | |
|---|---|
| Tax shown as due on original return | 1,882,280.54 |
| (number of months late [3] times 5%) | 15% |
| Sec. 6651(a)(1) penalty before adjustment | 282,342.07 |
| Less Sec. 6651 (a)(2) adjustment: | |
| (number of months late times 0.5%) | |
| *As determined by service center | |
| 19,718.42 less abatement of 322.81 | (19,395.61) |
| Sec. 6651(a)(1) Penalty | 262,946.46 |

*Service Center amount includes an unknown difference of 161.40 from
calculated amount.

Estate of: Paul E. Proske,  DD:  6 16 2005
File Name: C:\Program Files\EST3\Proske.ET3
Inter-Est Version 3.00, Release 123c, (Verbose Output) (Downloaded)
Date and time of run: Monday, March 24, 2008, 11:33 AM
Inflation factor used for this computation                117.1700000 %

## MARITAL DEDUCTION SECTION

| | | |
|---|---|---|
| Specific Bequests to Spouse | | 0.00 |
| Percentage of Residue to Spouse | 0.0000000 % | |
| Spousal Bequest from Residue | | 0.00 |
| Formula Option Selected | | |
| Percentage of Adjusted Gross Estate Formula Selected | | |
| Community Prop. in Gross Estate | 0.00 | |
| Total Adj. Gross Estate | 6,786,477.16 | |
| Percent of AGE to Spouse | 10.0000000 % | |
| Adj. Gross Est. to Spouse | 678,647.72 | |
| Spousal Bequest from Formula | | 678,647.72 |
| Total Bequests to Spouse | | 678,647.72 |

## MAIN PRINTOUT SECTION

| | | |
|---|---|---|
| Gross Estate | | 7,107,791.22 |
| Sch. JK&L (before interrelated) | 272,498.66 | |
| Int, Federal | 22,784.10 | |
| Int, New York | 26,031.30 | |
| Debts & Expenses | 321,314.06 | |
| Marital Deduction | 678,647.72 | |
| Charitable Deduction | 0.00 | |
| State Death Tax Deduction | 523,802.17 | |
| Total Deductions | | 1,523,763.95 |
| Taxable Estate | | 5,584,027.27 |
| Adjusted Taxable Gifts | | 0.00 |
| Total Amount Drawing Tax | | 5,584,027.27 |
| Tentative Tax | | 2,465,292.82 |
| Aggregate Gift Tax Payable | | 0.00 |
| Tax before Unified Credit | | 2,465,292.82 |
| Unified Credit from Table | 555,800.00 | |
| Adjustment to Unified Credit | 0.00 | |
| Net Unified Credit | | 555,800.00 |
| Tax before SDTC | | 1,909,492.82 |
| State Death Tax Credit | | 0.00 |
| Net Tax after State Death Tax Credit | | 1,909,492.82 |
| Gift Tax Credit | 0.00 | |
| Foreign Death Tax Credit (Statutory) | 0.00 | |
| Prior Transfer Credit | 0.00 | |
| Foreign Death Tax Credit (Treaty) | 0.00 | |
| Total Credits | | 0.00 |
| Estate Tax | | 1,909,492.82 |
| Generation Skipping Transfer Tax | | 0.00 |
| Total Federal Tax | | 1,909,492.82 |

## FEDERAL INTEREST OPTION SELECTED

Interest Table File: C:\Program Files\EST3\Federal.IT4
Interest Table Description: Federal (RProc 95-17)(6/06)
Special Interest Rate Used (old):      4.0000000 %
Special Interest Rate Used (new):      2.0000000 %
INTEREST FACTORS USED

*Page 5/9*

Estate of: Paul E. Proske, DD: 6 16 2005

Page 2

From: Thu 3 16 2006  To: Wed 4 26 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 41 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) | | c | 0.7893248 % |
| Regular Interest Factor (45%) | | c | 0.3544470 % |
| Special Interest Factor (old) | | c | 0.4503012 % |
| Special Interest Factor (new) | | c | 0.2249039 % |
| Refund Interest Factor | | c | 0.7893248 % |

From: Wed 4 26 2006  To: Thu 6 15 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 50 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) | | c | 0.9634235 % |
| Regular Interest Factor (45%) | | c | 0.4324204 % |
| Special Interest Factor (old) | | c | 0.5494189 % |
| Special Interest Factor (new) | | c | 0.2743407 % |
| Refund Interest Factor | | c | 0.9634235 % |

From: Thu 6 15 2006  To: Wed 6 28 2006

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 13 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) | | c | 0.2496021 % |
| Regular Interest Factor (45%) | | c | 0.1122498 % |
| Special Interest Factor (old) | | c | 0.1425594 % |
| Special Interest Factor (new) | | c | 0.0712563 % |
| Refund Interest Factor | | c | 0.2496021 % |

From: Wed 6 28 2006  To: Wed 3 26 2008

|  |  | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 2 | 7.0000 % | 7.0000 % |
| Compound (95-17) | Days = 549 | 8.0000 % | 8.0000 % |
| Compound (95-17) (Leap) | Days = 86 | 7.0000 % | 7.0000 % |
| Regular Interest Factor (100%) | | c | 14.6995164 % |
| Regular Interest Factor (45%) | | c | 6.3663616 % |
| Special Interest Factor (old) | | c | 7.2270804 % |
| Special Interest Factor (new) | | c | 3.5506085 % |
| Refund Interest Factor | | c | 14.6995164 % |

PART 1

|  | Date | Tax Pmt. | Int. Pmt. |  |
|---|---|---|---|---|
| Due Date | 3 16 2006 | 0.00 | 0.00 | P |
| Pd # 1 | 4 26 2006 | 1,800,000.00 | 0.00 | |
| Pd # 2 | 6 15 2006 | 50,000.00 | 0.00 | |
| Pd # 3 | 6 28 2006 | 32,940.44 | 0.00 | |
| Pd # 4 | 3 26 2008 | | | |

P = Period entry for Interest on Penalty Computation

PART 2

|  | Starting Balance | Tax Paid | Interest Balance | Applied To Balance |
|---|---|---|---|---|
| Due Date | 1,909,492.82 | 0.00 | 0.00 | 0.00 |
| Pd # 1 | 1,909,492.82 | 1,800,000.00 | 15,072.10 | 1,800,000.00 |
| Pd # 2 | 109,492.82 | 50,000.00 | 16,272.19 | 50,000.00 |
| Pd # 3 | 59,492.82 | 32,940.44 | 16,461.30 | 32,940.44 |
| Pd # 4 | 26,552.38 | 0.00 | 22,784.10 | 0.00 |

PART 3

Page 4/9

| | Interest Drawing Int. | Total Amount Drawing Int. | Interest Factor | Interest |
|---|---|---|---|---|
| Pd # 1 | 0.00 | 1,909,492.82 | 0.7893248 % | 15,072.10 |
| Pd # 2 | 15,072.10 | 124,564.92 | 0.9634235 % | 1,200.09 |
| Pd # 3 | 16,272.19 | 75,765.01 | 0.2496021 % | 189.11 |
| Pd # 4 | 16,461.30 | 43,013.68 | 14.6995164 % | 6,322.80 |
| Total Interest Deduction | | | | 22,784.10 |

## FEDERAL PENALTY - Sec. 6651(a) Penalty

Sec. 6651(a)(1) Penalty Section
Total Federal Tax                                        1,909,492.82
Tax paid on or before the due date                               0.00
Tax drawing the penalty                                  1,909,492.82
Number of Months Late                          3
Computed penalty percentage                         15.0000000 %
Sec. 6651(a)(1) Penalty before adjustment            286,423.92
Sec. 6651(a)(2) adjustment to 6651(a)(1) penalty

| Pmt of | 1,800,000.00 | 2 months late = | <18,000.00> |
| Pmt of | 50,000.00 | 3 months late = | <750.00> |
| Pmt of | 32,940.44 | 4 months late = | <484.21> |
| Pmt of | 0.00 | 50 months late = | 0.00 |

Sec. 6651(a)(1) Penalty                                                267,189.71

Sec. 6651(a)(2) Penalty Section
Tax shown as due on the return                           1,882,280.54

| Pmt of | 1,800,000.00 | 2 months late = | 18,000.00 |
| Pmt of | 50,000.00 | 3 months late = | 750.00 |
| Pmt of | 32,940.44 | 4 months late = | 645.61 |
| Pmt of | 0.00 | 50 months late = | 0.00 |

Sec. 6651(a)(2) Penalty                                                19,395.61
Total Sec. 6651(a) Penalty                                            286,585.32

## STATE TAX COMPUTATION SECTION - New York

State Tax Computation based upon New York Law

| | | |
|---|---|---|
| Federal Gross Estate | 7,107,791.22 | |
| Federal Conservation Easements (Sch. U) | 0.00 | |
| Qualified New York Conservation Easements | 0.00 | |
| Federal Gross Estate for New York | | 7,107,791.22 |
| Federal Deductions | 999,961.78 | |
| Family Owned Bus. Deduction | 0.00 | |
| Total State Deductions | | 999,961.78 |
| Adjusted Taxable Estate | | 6,107,829.44 |
| Adjusted Taxable Gifts | 0.00 | |
| Total | | 6,107,829.44 |
| Tentative Tax | | 3,000,106.19 |
| Aggregate Gift Tax Paid | 0.00 | |
| Tax before Credits | | 3,000,106.19 |
| Unified Credit | 345,800.00 | |
| Adjustment to Unified Credit | 0.00 | |
| Allowable Unified Credit | | 345,800.00 |
| Tax After Allowable Unified Credit | | 2,654,306.19 |
| State Death Tax Credit | | 523,802.17 |

Decedent was Resident of State

Estate of: Paul E. Proske, DD: 6 16 2005

| | |
|---|---|
| 12. Property located outside New York State | 0.00 |
| 13. Limited Power of Appointment | 0.00 |
| 14. Line 12 less Line 13 | 0.00 |
| 3. Amount from Sch. 1, line 14 | 0.00 |
| Federal Gross Estate for New York | 7,107,791.22 |
| 5. Line 3 divided by Federal gross for New York | 0.0000000 % |
| 6. Multiply Federal gross for New York State by Line 5 | 0.00 |
| 8. New York State estate tax | 523,802.17 |

STATE INTEREST OPTION SELECTED
Interest Table File: C:\Program Files\EST3\NewYork.IT4
Interest Table Description: New York (11-06)
Special Interest Rate Used (old):     4.0000000 %
Special Interest Rate Used (new):     2.0000000 %
INTEREST FACTORS USED

From: Thu 3 16 2006  To: Wed 9 13 2006

| | | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 106 | 8.0000 % | 6.0000 % |
| Compound (95-17) | Days = 75 | 9.0000 % | 7.0000 % |
| Regular Interest Factor (100%) | | c | 4.2603762 % |
| Regular Interest Factor (45%) | | c | 1.8953107 % |
| Special Interest Factor (old) | | c | 2.0032540 % |
| Special Interest Factor (new) | | c | 0.9966878 % |
| Refund Interest Factor | | c | 3.2316605 % |

From: Wed 9 13 2006  To: Wed 3 26 2008

| | | Regular | Refund |
|---|---|---|---|
| Compound (95-17) | Days = 474 | 9.0000 % | 7.0000 % |
| Compound (95-17) (Leap) | Days = 86 | 8.0000 % | 6.0000 % |
| Regular Interest Factor (100%) | | c | 14.5290212 % |
| Regular Interest Factor (45%) | | c | 6.2952276 % |
| Special Interest Factor (old) | | c | 6.3261161 % |
| Special Interest Factor (new) | | c | 3.1146424 % |
| Refund Interest Factor | | c | 11.0702390 % |

PART 1

| | Date | Tax Pmt. | Int. Pmt. | |
|---|---|---|---|---|
| Due Date | 3 16 2006 | 0.00 | 0.00 | P |
| Pd # 1 | 9 13 2006 | 515,835.75 | 4,710.38 | |
| Pd # 2 | 3 26 2008 | ------------- | ------------- | |

P = Period entry for Interest on Penalty Computation

PART 2

| | Starting Balance | Tax Paid | Interest Balance | Applied To Balance |
|---|---|---|---|---|
| Due Date | 523,802.17 | 0.00 | 0.00 | |
| Pd # 1 | 523,802.17 | 515,835.75 | 17,605.56 | 515,835.75 |
| Pd # 2 | 7,966.42 | 0.00 | 21,320.92 | 0.00 |

PART 3

| | Interest Drawing Int. | Total Amount Drawing Int. | Interest Factor | Interest |
|---|---|---|---|---|
| Pd # 1 | 0.00 | 523,802.17 | 4.2603762 % | 22,315.94 |
| Pd # 2 | 17,605.56 | 25,571.98 | 14.5290212 % | 3,715.36 |
| Total Interest Deduction | | | | 26,031.30 |

Page 8/9

LAST LINE OF PRINTOUT

Form 890
(Rev. Oct. 1988)

Department of the Treasury - Internal Revenue Service

**Waiver of Restrictions on Assessment and Collection
of Deficiency and Acceptance of Overassessment —
Estate, Gift, and Generation-Skipping Transfer Tax**
(Please see the instruction on the second page of this form)

Date Received by
Internal Revenue
Service

## Part 1, Consent to Assessment and Acceptance of Overassessment

I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown below, plus any interest provided by law. I understand that by my signing this waiver, a petition to the United States Tax Court may not be made, unless additional deficiencies are determined.

Date of Death or
Period Ending        6 16 2005

| Item | Increase | Decrease |
|---|---|---|
| Tax | 0.00 | 0.00 |
| Penalty  $6651(a)(1)$ | 13,081.84 | 0.00 |
| Total | 13,081.84 | 0.00 |

If the estate is required to file with the Area Director of Internal Revenue evidence of payment of estate, inheritance, legacy, succession or generation-skipping transfer taxes to any State or the District of Columbia, I understand that such evidence must be filed by                , or the credits for these taxes will not be allowed. I also agree to the assessment and collection of the increase in estate tax and penalties of                based on the disallowed credits, plus interest figured to the 30th day after                or until this increase is assessed, whichever is earlier.

Estate of

Paul E. Proske

| Executor or Administrator | Sign \ Here / | | Date |
|---|---|---|---|
| | Address | | |

| Executor or Administrator | Sign \ Here / | | Date |
|---|---|---|---|
| | Address | | |

| Donor | Name | |
|---|---|---|
| | Address | |

| Donor's Signature | Sign \ Here / | | Date |
|---|---|---|---|

Form 890 (Rev. 10-66)

I agree to the increase or decrease in the total allowed Unified Credit by the amount shown below.

| Unified Credit | | Increase | Decrease |
|---|---|---|---|
| Donor | Name | | |
| | Address | | |
| Donor's Signature | Sign \ Here / | | Date |

## Part 3, Gift Tax Marital Deduction

I agree to the increase or decrease in the usage of the gift tax marital deduction by the amount shown below.

| Marital Deduction | | Increase | Decrease |
|---|---|---|---|
| Donor | Name | | |
| | Address | | |
| Donor's Signature | Sign \ Here / | | Date |

## Instructions

**Consent to Assessment and Acceptance of Overassessment**

If you consent to the assessment of the deficiencies shown in Part 1 of the form, please sign the agreement under Part 1 and return the form to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent a claim for refund from being filed (after the tax has been paid) if you later believe it is warranted, nor prevent us from later determining that additional tax is owed, nor extend the time provided by law for either action.

If a claim is later filed and the Service disallows it, a suit for refund may be filed in a Federal District Court or in the United States Claims Court, but a petition may n ot be filed with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due resulting from any decrease in t x and penalties determined by the Internal Revenue Service, shown on the front of this form, provided part 1 of this form is signed and filed within the period established by law for making such a claim.

**Unified Credit Agreement**

If you agree with the increase or decrease of the allowed credit shown in Part 2 of this form, please sign the agreeme t under Part 2 and return the form.

**Marital Deduction Agreement**

If you agree with the increase or decrease in the usage of the gift tax marital deduction by the amount shown in Part 3 of this form, please sign the agreement under Part 3 and return this form.

**Signature Instructions**

If the executor or administrator is a corporation, the waiver should be signed with the corporate name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided the action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

Form 890 (Rev. 10-66)