# EXHIBIT D

# McElroy, Deutsch, Mulvaney & Carpenter, LLP.
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GRACE C. BERTONE
Direct dial: (973) 425-8720
gbertone@mdmc-law.com

April 22, 2008

**<u>Via Overnight Delivery</u>**
Mr. Joseph E. Petrone, Examining Attorney
Department of the Treasury
Internal Revenue Service
290 Broadway, 6th Floor
New York, New York 10007
Attention: Group 1522 JP

    Re:    **<u>FORMAL PROTEST LETTER</u>**
           **Estate of Paul E. Proske**
           **Date of Death: June 16, 2005**
           **Social Security Number: 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**
           **Reference No.: 2477102743**

Dear Mr. Petrone:

    Enclosed please find the original and one copy of the Formal Protest Letter with respect to the Section 6651 penalty in the matter of the Estate of Paul E. Proske.

    Kindly acknowledge receipt of the enclosed Formal Protest Letter by signing where indicated on the extra copy of this letter. A self-addressed return envelope is enclosed for your convenience. Should you have any questions, please do not hesitate to contact me.

           Very truly yours,

           McElroy, Deutsch, Mulvaney & Carpenter, LLP

           Grace C. Bertone

Enclosures
Receipt of the within FORMAL PROTEST LETTER of the Estate of Paul E. Proske is hereby acknowledged this 23 day of April , 2008.

_____
JOSEPH E. PETRONE, ESQ.

**RECEIVED**
New York, N. Y.

APR 2 3 2008

**INTERNAL REVENUE SERVICE**
DENVER, Estate Compliance Area 2
E & G Territory 1

NEWARK, NEW JERSEY    RIDGEWOOD, NEW JERSEY    NEW YORK, NEW YORK

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GRACE C. BERTONE
Direct dial: (973) 425-8720
gbertone@mdmc-law.com

April 22, 2008

**Via Overnight Delivery**
Mr. Joseph E. Petrone, Examining Attorney
Department of the Treasury
Internal Revenue Service
290 Broadway, 6th Floor
New York, New York 10007
Attention: Group 1522 JP

Re:     **FORMAL PROTEST LETTER**
**Estate of Paul E. Proske**
**Date of Death: June 16, 2005**
**Social Security Number: 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**
**Reference No.: 2477102743**

Dear Mr. Petrone:

Enclosed please find the original and one copy of the Formal Protest Letter with respect to the Section 6651 penalty in the matter of the Estate of Paul E. Proske.

Kindly acknowledge receipt of the enclosed Formal Protest Letter by signing where indicated on the extra copy of this letter. A self-addressed return envelope is enclosed for your convenience. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Grace C. Bertone

Enclosures
**Receipt of the within FORMAL PROTEST LETTER of the Estate of Paul E. Proske is hereby acknowledged this ____ day of _____, 2008.**

_____

**JOSEPH E. PETRONE, ESQ.**

NEWARK, NEW JERSEY          RIDGEWOOD, NEW JERSEY          NEW YORK, NEW YORK          DENVER, COLORADO

# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GRACE C. BERTONE
Direct dial:  (973) 425-8720
gbertone@mdmc-law.com

April 22, 2008

**VIA OVERNIGHT MAIL**

Internal Revenue Service Center
Attn: Joseph Petrone
290 Broadway, 6th Floor
New York, New York 1007
Group 1522JP E&G

Re:   **FORMAL PROTEST LETTER**
**Estate of Paul E. Proske**
**Date of Death:  June 16, 2005**
**Social Security Number:  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**
**Reference No.: 2477102743**

Dear Sir or Madam:

This Firm represents the Estate of Paul E. Proske (the "Estate" or "taxpayer"). On April 7, 2008, we received two Reports of Estate Tax Examination Changes, which are attached as Exhibit A. The first Report addressed valuation adjustments (the "First Estate Tax Report"). The second Report (the "Second Estate Tax Report") imposes a penalty of $254,107.87 pursuant to Section 6651 of the Internal Revenue Code (the "IRC") and an additional penalty of $13,081.84. The additional penalty is based on increases to the value of the taxable Estate as set forth in the First Estate Tax Report. The Estate has accepted the valuation adjustments in the First Estate Tax Report. This Protest is filed with respect to the Second Estate Tax Report that imposes a Section 6651 penalty of $267,189.71. The Estate respectfully disagrees with the Second Estate Tax Report and hereby appeals the penalty.

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Page 2

The Section 6651 penalty is not based on any taxpayer bad faith, intentional wrongdoing, lengthy delay, or government prejudice. Rather, the penalty is imposed because the taxpayer delayed, for several weeks, the making of a request for an extension of time to file the Estate's return. The delayed request was denied by the Internal Revenue Service (the "Service") and the penalty was summarily imposed. As we show herein, the imposition of a penalty based on the innocent failure to request an extension of time prior to the due date for filing the Estate return should be reversed. Had the taxpayer's request to file the Estate's return been made on or before March 16, 2006 (the original due date for filing the return) the request would have been automatically granted under Treas. Reg. §20.6081-1 (b).

1. Name and Address of Taxpayer

   Laura O'Hara, Executrix
   c/o Grace Bertone, Esq.
   McElroy, Deutsch, Mulvaney & Carpenter, LLP
   1300 Mount Kemble Avenue
   P.O. Box 2075
   Morristown, NJ 07962-2075
   (973) 993-8100

2. Request for Appeal

   The taxpayer wishes to appeal the Service's findings as detailed below to the Appeals Office.

3. Date and Symbol of Letter of Transmittal

   April 2, 2008, attached as Exhibit A (no symbol on letter).

4. Tax Period or Years Involved

   Form 706, Date of Death: June 16, 2005.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 3

5.      Taxpayer Disagrees with Changes

The taxpayer disagrees with the conclusion stated in the Second Estate Tax Report, which asserts a Section 6651(a) penalty of $267,189.71 because "[n]o reasonable cause has been shown for the late filing."

6.      Facts Supporting Taxpayer's Position

To appreciate the unfairness of the penalty, an explanation is necessary of the reasons why a request for an extension was not made by the taxpayer until several weeks after the original March 16, 2006 due date for filing the Estate return.

Paul Proske ("Decedent") died on June 16, 2005. On August 26, 2005, Laura O'Hara, daughter of the Decedent, was appointed as Executrix. The Estate's tax return was due to be filed on or before March 16, 2006. The complexity of the Decedent's Estate, however, together with other circumstances explained herein made it impossible to file the Estate tax return by the March 16, 2006 due date. An extension to file the Estate's return would be needed. On April 25, 2006 the taxpayer did, in fact, make the request for an extension but the request was denied and a penalty was imposed.

At the age of seventy-two (72), and just six weeks before his death, Decedent married his second wife, Donna Weller ("Donna"). Before Decedent and Donna decided to marry, they entered into a Prenuptial Agreement dated December 23, 2004. The residuary beneficiaries under the Will were Decedent's three adult daughters from his first marriage. They are Laura O'Hara, Janet Alexander and Marilyn Ceci. Under the Decedent's Will, Donna's bequest was to

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 4

be determined pursuant to the Prenuptial Agreement (the "Prenuptial Agreement"). There was, however, a serious ambiguity in the Prenuptial Agreement.

The Prenuptial Agreement made references to attached Schedules A and B. Schedule A was supposed to detail the earnings, property and investments, assets and liabilities of Decedent. Schedule B was supposed to detail the earnings, property and investments, assets and liabilities of Donna. Unfortunately, and for some unknown reason, neither Decedent nor Donna attached either Schedule to the Prenuptial Agreement. Thus, material information needed to determine the value of Donna's bequest was not readily available. For example, was Donna's bequest to be based upon the total value of Decedent's probate estate assets? Or, was Donna's bequest to be based on the total value of Decedent's taxable estate? A bequest based on the former, the value of Decedent's probate estate, would have entitled Donna to approximately one hundred seventy-five thousand dollars ($175,000). A bequest based on the latter, the total value of Decedent's taxable estate, would have entitled Donna to approximately six hundred sixty-three thousand dollars ($663,000).

Because no Schedules were attached to the Prenuptial Agreement and because the amount of the Estate tax due depended on the value of the assets that would qualify for the marital deduction, it was not possible to quickly determine the correct amount of federal estate tax that would be owed by Decedent's Estate. Negotiations between Donna and the Estate then ensued. These discussions took place during the highly emotional period after Decedent's death. The discussions were intense, sensitive, and difficult. Despite diligent efforts to obtain needed information and resolve the dispute, an accurate Estate Tax return could not be prepared by the taxpayer prior to the March 16, 2006 Estate tax return due date. But not only was more time

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 5

needed to file the Estate return, but more time was also needed to calculate and pay the amount of estimated taxes which is required by law to accompany any request for an extension of time to file an Estate tax return as required by Treasury Regulation 20.6081-1(a)("Form 4768 must include an estimate of the amounts of estate and generation-skipping transfer tax liabilities with respect to the estate.").

In addition to the problems with the unattached Schedules and resulting difficulty in calculating the correct amount of estimated taxes, the Estate was illiquid and was unable to provide a payment of its taxes as required by Treasury Regulation 20.6081-1(e)("An extension of time for filing a return does not operate to extend the time for payment of the tax. . . . If an extension of time to file a return is obtained, but no extension of time for payment of the tax is granted, interest will be due on the tax not paid on the due date and the estate will be subject to all applicable late payment penalties.")  The assets of the Estate were primarily comprised of real property and retirement plans.  The primary source of liquid funds available to pay the Estate tax was an insurance policy, owned by Decedent's employer and payable to Decedent's daughters.  Decedent's daughters agreed to use the insurance proceeds to pay the Estate taxes.  Although the Executrix diligently attempted to obtain the policy proceeds, the proceeds did not become available until the end of March 2006 –after the estate tax return was due.  Accordingly, because of (i) the complexity of Decedent's Estate; (ii) the missing Schedules to the Prenuptial Agreement; (iii) the tense discussions between the parties; (iv) the illiquidity of the Estate; and (v) the inability to calculate or pay the amount of estimated tax payments needed to accompany a request for an extension, the taxpayer did not file a request for an extension of time to file the Estate return until April 25th – about 5 weeks after the return was originally due to be filed.

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 6

The taxpayer's April 25, 2006 extension request was accompanied by a check payable to the United States Treasury in the amount of one million eight hundred thousand dollars ($1,800,000).   [Exhibit B, Form 4768 and accompanying letter dated April 25, 2006.] This payment represented an accurate assessment of the Estate's estimate of its full federal tax liability, something that could not be done on or before March 16, 2006.

The Estate's April 25th request for an extension and accompanying payment of estimated taxes was stamped "denied" by the Service. [See Exhibit C, Form 4768, dated June 2, 2006.] While the estimated tax payment was accepted, the denial of the extension gave no discussion of its reasoning other than the notation "Your application was filed after the due date of the return" [See Exhibit C.]   While this notation is literally correct, it ignores all the other relevant explanatory and mitigating facts.  The Estate tax return was filed on June 14, 2006.  Had the taxpayer filed a request for an extension on or before March 16, 2006 the request would have been automatically granted and the Estate tax return would not have been due to be filed until late September 2006 – nearly three months after the date on which the return was actually filed.

Based on the delayed filing of the requested extension, the Service imposed a penalty of two hundred fifty-four thousand one hundred seven dollars and eighty-seven hundredths ($254,107.87).  On June 28, 2006, the Estate requested an abatement of the penalties.  However, because the Estate was then selected for audit no determination was made on the Estate's June 28, 2006 request until the conclusion of the audit.  Subsequent to the conclusion of the audit, the Estate received the Second Estate Tax Report indicating that the penalty had not been abated, but had been increased to $267,189.71.  Accordingly, the Estate now submits this Formal Protest Letter as a request for an appeal of the $267,189.71 penalty.  [See Exhibit A.]

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 7

7.    Law Supporting Taxpayer's Position

**A.  ALL DOUBTS AS TO WHETHER THE PENALTY SHOULD BE ABATED MUST BE RESOLVED IN THE ESTATE'S FAVOR.**

"[I]t is well-settled that in the application of penalties 'all questions of doubt must be resolved in favor of those from whom the penalty is sought.'" Hatfried, Inc. v. Commr. of Internal Rev., 162 F.2d 628, 633 (3rd Cir. 1947).  We respectfully submit that a more than quarter of a million dollar penalty in connection with the filing of a complex Estate return based on a short delay that caused no loss to the government and resulted from the innocent, good faith failure by the taxpayer to file a request to obtain a routine extension of time has the effect of imposing a forfeiture on the taxpayer's assets.  The law abhors forfeiture, especially when the government initiates it and receives it.  See, e.g., JCRA v. Tug & Barge Urban Renewal Corp., 228 N.J. Super. 88, 96 (Law Div. 1987), aff'd 228 N.J. Super. 24 (App. Div. 1988).

**B.  THE TAXPAYER ESTABLISHED GOOD AND SUFFICIENT CAUSE FOR THE SERVICE TO GRANT THE REQUEST FOR AN EXTENTSION OF TIME TO FILE THE ESTATE TAX RETURN.**

The initial issues in this matter are whether the Estate established "good and sufficient cause" for its April 25, 2006 request for an extension and whether the director abused his or her discretion in denying the request.  Although the Estate did not request an extension of time before the March 16, 2006 due date, a short time thereafter, on April 25th, it did file a request for an extension.  This requested extension should have been granted, but was not.  Delayed requests to enlarge the time period for filing a return may be granted if the taxpayer is able to establish good and sufficient cause.  Treas. Reg. §20.6081-1(c).  In fact, Section 20.6081.1 of the Estate Tax Regulations was specifically amended to provide district directors with the discretion, in

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 8

cases such as this, to grant extensions of time to file a return even though the original due date has passed.  T.D. 6711, 1964-1 C.B. 453 (1964); <u>Estate of Gardner v. Commr. of Internal Rev.</u>, 82 <u>T.C.</u> 989, 993 (1984); Treas. Regs. §§1.6081-1(b)(1) and 20.6081-1.  By allowing the district director to grant extensions to an estate after passage of the original due date, this regulation further promotes the Service's mission to "[apply] the tax law with integrity and fairness to all." Section 1.1.1.1 of the Internal Revenue Manual.

More importantly however, it imposes an obligation on the district director to review such requests and evaluate whether there is "good and sufficient cause" to grant the extension. Failure to adequately review such a request is an abuse of discretion by the director, and is subject to judicial review.  <u>Estate of Gardner v. Commr of Internal Revenue</u>, T.C. Memo 1986-380, 16-17 (1986).  As Exhibit B illustrates, the Estate explained the circumstances surrounding the April 25, 2006 extension request which established good and sufficient cause for an extension, and specifically discussed the Estate's inability to provide an accurate estimate of its tax liability as required by Treasury Regulation §20-6081-1(a).   As Exhibit C illustrates, the Service's June 2, 2006 denial is based on nothing more than the fact that the application "was filed after the due date of the return."  Thus, indicating the director's lack of consideration to the circumstances of the Estate and an abuse of discretion in denying the Estate's request for an extension.

"Good and sufficient cause" existed in this matter because of the Estate's inability to provide an accurate estimate of its tax liability.  A taxpayer must make a "bona fide and reasonable estimate of his tax liability based on the information available to him at the time he makes his request for an extension . . . This requires the taxpayer to judge or determine his tax

1079207_1.DOC

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 9

liability generally, but carefully . . . [by making] a bona fide and reasonable attempt to locate, gather and consult information which will enable him to make a proper estimate of his tax liability." Crocker v. Comm. of Internal Revenue, 92 T.C. 899, 908 (1989). A taxpayer's failure to provide a proper estimate of his tax liability in his request for an extension will result in the extension being voided, and the taxpayer being subject to Section 6651 penalties. Id. at 910 – 912. In this matter, the Estate simply could not provide a proper estimate in good faith, on or before March 16th, and explained those circumstances in its April 25, 2006 extension request. Had the Estate made an estimate before the March 16, 2006, the estimate would not have reflected a bona fide and reasonable estimate of its tax liability, and the extension could have been voided and subjected the Estate to Section 6651 penalties. The missing Schedules to the Prenuptial Agreement and resulting dispute regarding Donna's bequest significantly inhibited the calculation of taxes owed by the Estate. While the Estate diligently worked toward resolving the Prenuptial Agreement issue and the bequest dispute, no resolution could be reached between the Estate and Donna before the March 16th due date of the tax return. These unusual circumstances were explained but ignored in the Form 4768. The Estate was in a situation where it was compelled to make a difficult choice – either make a late request for an extension with an accurate estimate of the Estate's tax liability and be subject to Section 6651 penalties, or make a timely request for an extension and provide an inaccurate estimate of the Estate's tax liability and be subject to Section 6651 penalties. Although the circumstances were explained in the request for an extension, the Service summarily denied the request because it was made after the due date and failed to respond to the circumstances explained in the Estate's April 25, 2006

1079207_1.DOC

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 10

extension request – indicating that no consideration was given to the unique circumstances of the Estate. [See Exhibit C.]

The filing of the April 25th request for an extension, coupled with the payment of accurate estimated taxes, was a good faith and reasonable alternative to filing a request on or before March 16th for an extension, that would have been unaccompanied by the payment of accurate estimated taxes.  If the Estate's good faith belief was, in hindsight, incorrect, then so be it.  But the appropriate remedy to redress the good faith belief of the Estate should not be the forfeiture of a more than a quarter of a million dollars of the Estate's money.  Moreover, when viewed in light of the director's discretion to grant late extension requests and the Service's overall mission statement, the Service recognizes that circumstances such as these arise, and it provides the taxpayer and the Service with the means to fairly remedy these situations by granting an extension request after the due date for filing had passed.

In spite of the denial of its request for an extension of time to file, the Estate continued to work diligently to resolve the bequest dispute and the ambiguity of the Prenuptial Agreement. The Estate filed a complete and accurate Estate tax return on June 14, 2006.

### C. THE SECTION 6651 PENALTY SHOULD BE ABATED BECAUSE THE LATE FILING OF THE RETURN WAS DUE TO REASONABLE CAUSE AND NOT WILLFUL NEGLECT.

Under Section 6651(a), a penalty should not be imposed if the failure to file a timely return and/or pay a tax was (1) due to reasonable cause and (2) not due to willful neglect. "Reasonable cause" means a taxpayer "exercised 'ordinary business care and prudence,' but nevertheless was 'unable to file the return within the prescribed time.'" <u>United States v. Boyle</u>,

**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 11

469 <u>U.S.</u> 241, 246 (1985).   "Willful neglect" means the taxpayer's late filing was due to "conscious, intentional failure or reckless indifference." <u>Id.</u> at 245.

    a. <u>Reasonable Cause</u>

    Reasonable cause is determined by examining all of the "facts and circumstances" of the case. <u>See Fran Corp. v. U.S.</u>, 164 <u>F.3d</u> 814 (2nd Cir. 1999); <u>East Wind Industries, Inc. v. U.S.</u>, 196 <u>F.3d</u> 499, 507 (3rd Cir. 1999); Internal Revenue Manual.   The Estate clearly exercised ordinary business care and prudence within the meaning of <u>Boyle</u>.   The Estate return was complex, the taxpayer's delay in seeking an extension was short, the neglect in filing sooner for an extension was excusable, and the prejudice to the government non-existent.

    One especially important factor to consider in connection with extension requests filed after the due date for the filing of a return is the taxpayer's financial ability to pay the tax. Courts have taken into account whether the "taxpayer would have suffered 'undue hardship,' i.e., 'substantial financial loss,' from the payment of taxes." <u>East Wind Industries, Inc.</u>, <u>supra</u>, 196 <u>F.3d</u> at 507; <u>see</u> <u>also</u> Treas. Reg. §301.6651 (c)(1).   The Treasury Regulations emphasize the importance of considering a taxpayer's financial circumstances, and provide that "consideration will be given to all facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in light of the income (or other amounts) he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed." Treas. Reg. §301.6651 (c)(1).   Here, the Estate was in an illiquid condition. The lack of liquid funds was not due to imprudent expenditures or distributions but to the nature of the Estate assets: real property and retirement plan assets.   To satisfy the federal and State of New York estate taxes, the beneficiaries had to liquidate their personal assets.   Moreover, one of the

1079207_1.DOC

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 12

main sources to pay the estate taxes, the proceeds of a life insurance policy payable directly to the beneficiaries, was not available until after the March 16, 2006 due date.

In deciding whether there is "reasonable cause" and "willful neglect", it is also necessary to take into account (i) the efforts that the taxpayer made to file once the taxpayer was able; and (ii) the extent to which the taxpayer's late filing were beyond his control. Sections 20.1.1.3.1 and 20.1.1.3.1.1, Internal Revenue Manual. Here, the Estate diligently worked toward resolving the Prenuptial Agreement issue while at the same time attempting to convert illiquid assets into liquid assets so as to satisfy the tax obligation. The resolution of the Prenuptial Agreement issue was outside of the Estate's control, as was the payment of the life insurance proceeds that the beneficiaries intended to use to pay the taxes. Despite these obstacles, the Estate made every effort it could to file an accurate return, and comply with its tax responsibilities as soon as it was able to do so.

The Estate exercised ordinary business care, was prudent, at all times acted in good faith, did not seek to take any unfair advantage, was not recklessly indifferent, and paid all taxes due as soon as it could determine the amount owed and as soon as it could convert to cash the assets needed to pay the taxes.

b. Willful neglect

"Penalties imposed under the revenue laws were designed to attach to conduct of a taxpayer which is intentional, or knowing, or voluntary rather than accidental. A conscious decision to defer the filing of a return, after acquiring knowledge of its delinquency, beyond a reasonable time and without reasonable cause, is wilful[sic] neglect." First County National Bank and Trust Co. v. U.S., 291 F.Supp. 837, 840-41 (D.N.J. 1968). The converse of "willful

1079207_1.DOC

Page 13

neglect" is "excusable neglect". The Supreme Court, in the context of requests to enlarge filing deadlines, has noted that excusable neglect is an "elastic concept" that must be assessed based on the totality of circumstances which include the absence of prejudice, length of delay, good faith, and cause of delay.   Pioneer Ins. Service Co v. Brunswick Assoc., 507 U.S. 380, 390-95 (1993).

Here, the delayed request for an extension was not due to any "willful neglect". If there was any neglect at all it was "excusable neglect". This is not a situation where the taxpayer acted in bad faith in an attempt to evade taxes. The Estate paid the estimated amount of Estate tax with the extension request a soon as it could. The length of delay was short as the extension request was filed within five weeks of the date the Estate tax return was originally due. And the Estate supplied the estimated tax payment with the extension request. Had a requested extension been filed on or before March 16th, the return would not have been filed until months after the return was actually filed.

**D.** **THE SERVICE WAS NOT PREJUDICED BY THE LATE FILING OF THE ESTATE TAX RETURN.**

In many situations where a party seeks to enlarge a time deadline, the government agency or court will consider whether the government's interests or the adversary's interests have been prejudiced by the party's request to enlarge the deadline. For example, under Federal Rule of Civil Procedure 6(b), the district courts may enlarge the time periods fixed under the Rules. Enlargements are also allowed under a host of other Rules.  See, e.g., Rule 4(m) (enlargement to serve summons and complaint); Rule 39(b) (enlargement to demand jury trial).   Here, the Service was not prejudiced by the delayed filing of the return. The Estate acted in good faith and

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

Page 14

paid its estimated taxes in full within five weeks of the original deadline.  The enlargement of time requested by the Estate on April 25th should have been granted.

### E.  THE TAX ASSESSMENT IS DISPROPORTIONATE TO THE INFRACTION.

"Whether a penalty is reasonable or excessive must be determined in light of particular circumstances."  Muncie Novelty v. Dept of State Revenue, 720 N.E.2d 779, 782 (Ind. Tax 1999).  Moreover, "[a] penalty may be set aside if the discipline imposed is so disproportionate to the offense that it is shocking to one's sense of fairness."  Matter of Henry v. Wilson, 85 A.D.2d 885, 886 (4th Dep't 1981).  Based on the circumstances in this case, the penalty of over a quarter of a million dollars for the delayed filing of a request for an extension to file an Estate tax return is excessive and results in unjust enrichment to the government.  Progressive Consumers Fed. Credit Union v. U.S., 79 F.3d 1228, 1237 (1st Cir. 1996)(recognizing that the doctrine of unjust enrichment is applicable to the federal government) citing to United States v. McCombs, 30 F.3d 310, 333 (2nd Cir. 1994); Dietrich Indus. Inc. v. United States, 988 F.2d 568, 573 (5th Cir. 1993); Han v. United States, 944 F.2d 526, 530 (9th Cir. 1991).

In this matter, the Estate provided the Service with a payment of the Estate's estimated full federal tax liability just five weeks after the March 16th tax return due date had passed.  The return was filed as soon as the tax liability could be properly determined.  As has been demonstrated, the Estate believes there was good and sufficient cause to grant the April 25th extension request.   Had the extension been granted, no penalty would have been imposed.  Instead, the Service imposed a Section 6651 penalty of $267,189.71.  This penalty equates to the Estate forfeiting approximately $2,968.77 per day.  Clearly, a penalty of close to $3,000.00 a day

**MᶜELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Page 15

as punishment for a good faith failure to file a request for an extension to file an Estate tax return is excessive.

Based on the totality of circumstances, the $267,189.71 penalty is grossly disproportionate to the taxpayer's alleged offense and imposes a harsh penalty on the Estate despite the Estate's good faith efforts to comply with its responsibilities. The harshness of the penalty is more pronounced given that (i) no penalty would have been imposed at all had the extension to file been granted as it should have been; and (ii) the Service received the Estate's tax payment months sooner than it would have if a request on or before March 16th for the automatic extension had been made. This is clearly not a situation where the taxpayer willfully delayed doing anything.

Finally, "[t]he mission of the IRS is to provide ... top quality service by ... applying the tax law with integrity and fairness to all." Section 1.1.1.1 of the Internal Revenue Manual. The appeals process is designed to "resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer and in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the Service." Section 1.1.7.1 of the Internal Revenue Manual. To impose such a harsh penalty in light of the absence of prejudice to the government, the good faith of the taxpayer, and the short length of delay for reasons not within the taxpayer's control would be contrary to the mission and purpose of the IRS and this appeal process.

**F. SUMMARY**

The taxpayer's Estate tax return was originally due to be filed on March 16, 2006. Because of the complexity of the Decedent's estate, missing material documents, tension among

1079207_1.DOC

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 16

the beneficiaries, and illiquidity of the Estate, the return could not be accurately completed by March 16th and, therefore, could not be filed. The taxpayer needed an enlargement of time to file the return. The taxpayer could have obtained an automatic extension of time to file the return had the request been made on or before March 16th. But to obtain an extension on or before March 16th required the taxpayer's request to be accompanied by the payment of estimated taxes. This could not be done because a good faith computation of estimated taxes could not be made by March 16th. Instead, the taxpayer filed the request for an extension of time about five weeks later on April 25, 2006. This request was accompanied by the payment of $1,800,000 in estimated taxes. Despite (i) the short delay between March 16th and April 25th in requesting an extension of time; (ii) the taxpayer's good faith; (iii) the taxpayer's absence of any conscious, intentional failure or reckless indifference; (iv) the exercise by the taxpayer of ordinary business care and prejudice; (v) the presence of excusable, not willful neglect; and (vi) the absence of prejudice to the government the Service has imposed a penalty under Section 6651 in the amount of $267,189.71. This penalty is contrary to law, is the equivalent of a forfeiture, is disproportionate to the taxpayer's conduct and, for the reasons given herein, should be reversed.

I declare, under penalty of perjury, that the statements made in this request are true and correct to the best of my knowledge and belief, and I respectfully request an abatement of penalties resulting from the late filing and late payment of the estate tax. In addition, I request that the Internal Revenue Service, take no action to levy the assets of the Estate, file a tax lien or initiate any other collection action against the Estate while this or any subsequent appeal is in process.

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Page 17

Please call me to schedule a conference to discuss this appeal and protest.

Sincerely,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Grace C. Bertone

cc:    Laura O'Hara, Executrix

1079207_1.DOC

# EXHIBIT E

**Internal Revenue Service**
Appeals Office
290 Broadway - 11th Floor
New York, NY 10007

Department of the Treasury

Person to Contact:
Israel A. Weitzman

Contact Person ID Number:
13-25747

Date: JUL 1 4 2008

Contact Telephone Numbers:
Phone: 212-298-2472
Fax: 212-298-2410

In Reply Refer to:
AP:FE:MAN:IAW

Grace C. Bertone, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

Form Number: 706
Date of Death: 06-16-05

Taxpayer Identification Number:
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V

Dear Ms. Bertone:

We are sending you the enclosed copies as provided for in your power of attorney or other authorization. The originals have been mailed to the taxpayer as listed below.

Sincerely yours,

Angelo J. Chiapperino
Appeals Team Manager

Enclosures:

[x] Letter
[x] Statement
[x] Waiver

Taxpayer:

Estate of Paul E. Proske, Deceased
Laura O'Hara, Executrix
31 Little Wolf Road
Summit, NJ 07901

Refer to Form 4089 (continued) for all addresses that this notice has been sent to.

Letter 938

Department of the Treasury
**Internal Revenue Service**

Appeals Office
290 Broadway - 11th Floor
New York, NY 10007

**Letter Number:** 901(cg)-c

**Person to Contact:**   **ID Number:**
Israel A. Weitzman       13-25747

**Telephone Numbers:**
Voice Mail: 212-298-2472
Fax:        212-298-2410

**Date:** JUL 1 4 2008

**In Reply Refer to:** AP:FE:MAN:IAW

**Estate of Paul E. Proske, Deceased**
**Laura O'Hara, Executrix**
**31 Little Wolf Road**
**Summit, NJ 07901**

**Tax Type & Form No.:** Estate – 706

**Taxpayer Identification Number:**
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V

**CERTIFIED MAIL:**

**Last Date to File Petition with the
United States Tax Court:** 90 DAYS
10-12-08

---

# NOTICE OF DEFICIENCY

**Date of Death**          **Addition to Tax — IRC Section 6651(a)(1)**
**June 16, 2005**                    **$13,081.84**

**Dear Executrix:**

In accordance with the provisions of existing Internal Revenue laws, notice is given that the determination of the **ESTATE TAX** liability of the above named estate discloses a deficiency in the amount of $13,081.84, consisting of an addition to tax under IRC Section 6651(a)(1). This letter is your **NOTICE OF DEFICIENCY** as required by law. The enclosed statement shows how we figured your deficiency.

**If you disagree** with this notice of deficiency, you may petition the United States Tax Court for a redetermination of your deficiency. You have 90 days from the date of this letter (150 days if addressed to you outside the United States) to file your petition. Send your completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter, to the United States Tax Court. You may get a petition form and a copy of the rules for filing a petition by writing to the following address: United States Tax Court, 400 Second Street NW, Washington, DC 20217.

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for **each** tax year is $50,000 or less. If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you. If you use this simplified procedure, you cannot appeal the Tax Court's decision. You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the Court at the above address or from the court's internet site at www.ustaxcourt.gov.

If you intend to file a petition with the Tax Court, you should do so promptly. The court cannot consider your case if you file the petition late. The law considers your petition as filed on time if the postmarked date falls within the 90 or 150 day period allowed, and the envelope containing the petition is properly addressed with the correct postage.

**Letter Number: 901(cg)-c ... continued**

The time allowed to file a petition with the Tax Court cannot be extended or suspended because the time is set by law. Requesting more information, or receiving other correspondence from the Internal Revenue Service (IRS) will not change the time allowed by law to file your petition.

**If you agree** with this notice of deficiency and do not intend to petition the Tax Court for a redetermination, please sign the enclosed waiver form and return it to us at the IRS address at the top of the first page of this letter. This will permit us to assess the deficiency quickly, and may limit the accumulation of interest you may owe. We have enclosed an envelope for your convenience.

If you decide not to send the IRS your signed waiver, and also not to file a petition with the Tax Court within the time limit, the law requires us to assess the deficiency and bill you after 90 days (150 days if this letter is addressed to you outside the United States) from the date of this letter. This bill may include interest. If you are a C corporation, under Internal Revenue Code Section 6621(c), large corporate underpayments may be subject to a higher rate of interest than the normal rate of interest for underpayments.

If you have questions about this letter, you may call or write to the contact person whose name appears on the first page of this letter. If you write to us, please include: (1) a copy of this letter to help us identify your account; and (2) your telephone number, including the area code, and the best time for us to call you. If you send a copy of this letter to us, we recommend you keep the original for your records. If you call us and our telephone number is outside your local calling area, please remember there will be a long distance charge from your telephone company.

The contact person listed on the front of this letter can access your tax information and help you get answers. In addition to help from this contact person, you may ask for help from the Taxpayer Advocate by calling 1-877-777-4778, or contacting the Taxpayer Advocate for the IRS office that issued this notice of deficiency by calling (212) 436-1011 or writing to 290 Broadway, New York, NY 10007.

Taxpayer Advocate assistance is not a substitute for established IRS procedures. The Taxpayer Advocate can help you to understand your tax situation, provide account information, and make sure that your problem is handled promptly and properly. However, the Taxpayer Advocate cannot reverse legally correct tax determinations, or extend the time the law allows you to file a petition with the United States Tax Court. Thank you for your cooperation.

Sincerely,

Douglas H. Shulman
Commissioner
By

Angelo J. Chiapperino
Appeals Team Manager

**Form 4089**
**Rev. 05-03**

**Department of the Treasury - Internal Revenue Service**

## NOTICE OF DEFICIENCY - WAIVER

**Symbols:**
**AP:FE:MAN:IAW:LS**

**Name, TIN and Address of Taxpayer**

**TIN: 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V**

Estate of Paul E. Proske, Deceased
Laura O'Hara, Executrix
31 Little Wolf Road
Summit, NJ 07901

**Kind of Tax:**

**Estate**

Copy to Authorized Representative:
Grace C. Bertone, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

| Date of Death | Deficiency Increase in Tax | Addition to Tax -- Penalty IRC Section 6651(a)(1) |
|---|---|---|
| June 16, 2005 | NA | $13,081.84 |

**Note: Interest, as provided by law, will be charged on the unpaid liability until it is paid in full.**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your Signature ▶ | | Date Signed: |
|---|---|---|
| Spouse's Signature, If A Joint Return Was Filed ▶ | | Date Signed: |
| Taxpayer's Representative Sign Here ▶ | | Date Signed: |
| Corporate Name: ▶ | | |
| Corporate Officers ▶ | Signature | Title | Date Signed |
| Sign Here ▶ | Signature | Title | Date Signed |

**Note:**
If you consent to the assessment of the amounts shown in this waiver, please sign and return this form in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**
If this waiver is for any years(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Estate of Paul E. Proske, Deceased                        AP:FE:MAN:IAW:LS
Form: 706 – Date of Death: 06-16-05                       TIN: 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V

| Notice of Deficiency – Waiver |
| --- |

Form 4089 (continued) ... page 1 of 2.

### Addition to Tax - IRC Section 6651(a)(1): Failure to File

Since you did not file your United States Estate (and Generation-Skipping
Transfer) Tax Return for the Estate of Paul E. Proske within the time
prescribed by law, and you did not show that such failure was due to
reasonable cause and not due to willful neglect, a failure to file penalty of
5 percent is added to the tax for each month or part of a month (but not to
exceed a total of 25 percent) for which your return was late.

If your return was more than 60 days late, the minimum penalty is the lesser
of $100.00 or the tax due. See Section 6651(a)(1) of the Internal Revenue
Code.

Section 6651(a)(1) penalty is calculated as follows:

| | |
| --- | --- |
| Estate tax liability as revised | $1,909,492.82 |
| Times: Applicable penalty rate (3 months late) | 15% |
| Equals: Sec. 6651(a)(1) penalty before adjustment | 286,423.92 |
| Less: Section 6651(a)(2) adjustment: | |
| (Number of months late x 0.5% per month) | |
| Payment of $1,800,000.00: 2 months late x 0.5% (1.0%) | (18,000.00) |
| Payment of $50,000.00: 3 months late x 0.5% (1.5%) | (750.00) |
| Payment of $32,940.00: 4 months late x 0.5% (2.0%) | (484.21) |
| IRC Section 6651(a)(1) Failure to File Penalty | $267,189.71 |
| | ========== |
| | |
| Corrected Sec. 6651(a)(1) penalty | $267,189.71 |
| Less: Sec. 6651(a)(1) penalty previously assessed | (254,107.87) |
| Equals: Additional Sec. 6651(a)(1) penalty | $13,081.84 |
| | ========== |

### Informal Claim for Refund:

In making this determination of your estate tax liability, careful
consideration has been given to your informal claim for refund filed on April
23, 2008 for a failure to file penalty in the amount of $267,189.71. It is
determined that the issues raised in your claim are not allowable
because reasonable cause has not been established for the late filing of the
decedent's estate tax return.

If a petition to the United States Tax Court is filed against the deficiency
proposed herein, the issues set forth in your claim for refund should be made
a part of the petition to be considered by the Tax Court in any
redetermination of your tax liability. If a petition is not filed, the claim
for refund will be disallowed and official notice will be issued by certified
mail in accordance with Section 6532(a)(1) of the Internal Revenue Code.

Estate of Paul E. Proske, Deceased                    AP:FE:MAN:IAW:LS
Form: 706 - Date of Death: 06-16-05                   TIN: 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V

| Notice of Deficiency - Waiver |
|---|

Form 4089 (continued) ... page 2 of 2.

A copy of this statement has been mailed to the executrix at the address shown below:

| Estate of Paul E. Proske, Deceased<br>Laura O'Hara, Executrix<br>31 Little Wolf Road<br>Summit, NJ 07901 |
|---|

A copy of this statement has been mailed to the authorized representative listed below as per the Power of Attorney form submitted.

| Grace C. Bertone, Esq.<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075 |
|---|

| Form 3614-A<br>Rev. 05-03 | | Schedule: 1 |
|---|---|---|

**Department of the Treasury – Internal Revenue Service**

**E S T A T E   T A X**

**(For Persons Who Died After December 31, 1976)**

| | | |
|---|---|---|
| | Estate of Paul E. Proske, Deceased -- TIN: 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V | **Date of Death:**<br>06-16-05 |
| ∗ | Taxable estate plus adjusted taxable gifts as shown in: | |
| ∗ | **Return as Filed** | **$6,041,964.56** |
| | Preliminary Notice ("PN") | |
| | Statutory Notice of Deficiency ("SND") | |
| | Increase (decrease) to taxable estate + adjusted taxable gifts ("ATG") -- See below | |
| ∗ | Schedule A: Real Estate | 33,000.00 |
| ∗ | Schedule F: Other Miscellaneous Property | 36,582.00 |
| ∗ | Schedule G: Transfers During Decedent's Life | 100,000.00 |
| ∗ | Schedule J: Funeral and Administration Expenses | (93,815.40) |
| ∗ | Schedule M: Marital Deduction | (9,901.72) |
| | The above five adjustments were previously reflected in the "Partial Agreement." Waiver Form 890 was signed 04-10-08 and the resulting tax increase of $27,212.28 assessed on 05-12-08. | |
| ∗ | State Death Tax Deduction | (523,802.17) |
| ∗ | Taxable estate plus adjusted taxable gifts as revised (ATG = $0.00) | 5,584,027.27 |

| | | |
|---|---|---|
| **T** | 1. Tentative tax | 2,465,292.82 |
| **A** | 2. Aggregate gift taxes payable (after December 31, 1976) | 0.00 |
| **X** | 3. Subtract the amount on line 2 from the amount on line 1 | 2,465,292.82 |
| | 4. Unified credit against estate tax | 555,800.00 |
| **C** | 5. Adjustment to unified credit | 0.00 |
| **O** | 6. Allowable unified credit: Line 4 less line 5 | 555,800.00 |
| **M** | 7. Balance: Line 3 less line 6 (not less than zero) | 1,909,492.82 |
| **P** | 8. State death tax credit (substantiated) | 0.00 |
| **U** | 9. Balance: Line 7 less line 8 | 1,909,492.82 |
| **T** | 10. Other credits: Not Applicable | 0.00 |
| **A** | 11. Balance: Line 9 less line 10 | 1,909,492.82 |
| **T** | 12. Other taxes: Not Applicable | 0.00 |
| **I** | 13. Net estate tax: Line 11 plus line 12 | 1,909,492.82 |
| **O** | 14. Estate tax assessed -- Per Form 706: $1,882,280.54 + $27,212.28 assessment | 1,909,492.82 |
| **N** | 15. Increase (decrease) in estate tax: Line 13 less line 14 | 0.00 |
| | 16. Less: Additional state death tax credit (if substantiated) | 0.00 |
| ∗ | 17. Increase (decrease) in estate tax after additional SDTC: Line 15 less line 16 | $0.00 |
| ∗ | 18. Addition to Tax: IRC Section 6651(a)(1) - Failure to File Penalty | $13,081.84 |

# EXHIBIT F

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

GRACE C. BERTONE
Direct dial: (973) 425-8720
gbertone@mdmc-law.com

August 5, 2008

**VIA CERTIFIED MAIL, R.R.R.**

Mr. Israel A. Weitzman
Internal Revenue Service
Appeals Office
290 Broadway – 11th floor
New York, NY 10007

      Re:    **Estate of Paul E. Proske**
               **Date of Death:  June 16, 2005**
               **Taxpayer Identification Number:  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**

Dear Mr. Weitzman:

        Enclosed is the executed Form 4089, Notice of Deficiency – Waiver for the above referenced estate.

        Please note that there is an error on page 1 of 2 of the Notice of Deficiency – Waiver. Both the second heading and corresponding section refer to our April 23, 2008 Formal Appeal Letter as an "informal claim for refund." We have not yet paid the section 6651 penalties, and therefore, the Estate did not request a refund in our April 23, 2008 Formal Appeal Letter. As such, once the Notice of Deficiency – Waiver is processed, please issue a bill for the full amount outstanding on the above referenced estate.

        Should you have any questions, please do not hesitate to contact me.

                Sincerely,

                McElroy, Deutsch, Mulvaney & Carpenter, LLP

                Grace Bertone

Enclosure
cc: Laura O'Hara

NEWARK, NEW JERSEY    RIDGEWOOD, NEW JERSEY    NEW YORK, NEW YORK    DENVER, COLORADO    PHILADELPHIA, PENNSYLVANIA

| Form 4089<br>Rev. 05-03 | Department of the Treasury - Internal Revenue Service<br><br>**NOTICE OF DEFICIENCY - WAIVER** | Symbols:<br>AP:FE:MAN:IAW:LS |
|---|---|---|

| Name, TIN and Address of Taxpayer | | TIN: 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V |
|---|---|---|
| | Estate of Paul E. Proske, Deceased<br>Laura O'Hara, Executrix<br>31 Little Wolf Road<br>Summit, NJ 07901 | |

| **Kind of Tax:**<br><br>Estate | Copy to Authorized Representative:<br>Grace C. Bertone, Esq.<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075 |
|---|---|

| Date of Death | Deficiency<br>**Increase in Tax** | Addition to Tax -- Penalty<br>**IRC Section 6651(a)(1)** |
|---|---|---|
| **June 16, 2005** | NA | $13,081.84 |

**Note: Interest, as provided by law, will be charged on the unpaid liability until it is paid in full.**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law.

| Your<br>Signature ▸ | | Date Signed: 7/24/08 |
|---|---|---|
| Spouse's Signature,<br>If A Joint Return ▸<br>Was Filed | | Date Signed: |
| Taxpayer's<br>Representative ▸<br>Sign Here | | Date Signed: |
| Corporate<br>Name: ▸ | | |
| Corporate<br>Officers ▸ | Signature | Title | Date Signed |
| Sign Here ▸ | Signature | Title | Date Signed |

**Note:**
If you consent to the assessment of the amounts shown in this waiver, please sign and return this form in order to limit the accumulation of interest and expedite our bill to you. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax; nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

**Who Must Sign**
If this waiver is for any years(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form. Sign your name exactly as it appears on the return. If you are acting under power of attorney for your spouse, you may sign as agent for him or her.

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed.

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed.

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign.

**If you agree, please sign one copy and return it; keep the other copy for your records.**

Estate of Paul E. Proske, Deceased                                    AP:FE:MAN:IAW:LS
Form: 706 — Date of Death: 06-16-05                                   TIN: 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V

| Notice of Deficiency - Waiver |
|---|

Form 4089 (continued) ... page 1 of 2.

### Addition to Tax - IRC Section 6651(a)(1): Failure to File

Since you did not file your United States Estate (and Generation-Skipping
Transfer) Tax Return for the Estate of Paul E. Proske within the time
prescribed by law, and you did not show that such failure was due to
reasonable cause and not due to willful neglect, a failure to file penalty of
5 percent is added to the tax for each month or part of a month (but not to
exceed a total of 25 percent) for which your return was late.

If your return was more than 60 days late, the minimum penalty is the lesser
of $100.00 or the tax due. See Section 6651(a)(1) of the Internal Revenue
Code.

Section 6651(a)(1) penalty is calculated as follows:

| | |
|---|---:|
| Estate tax liability as revised | $1,909,492.82 |
| Times: Applicable penalty rate (3 months late) | 15% |
| Equals: Sec. 6651(a)(1) penalty before adjustment | 286,423.92 |
| Less: Section 6651(a)(2) adjustment: | |
| (Number of months late x 0.5% per month) | |
| Payment of $1,800,000.00: 2 months late x 0.5% (1.0%) | (18,000.00) |
| Payment of $50,000.00: 3 months late x 0.5% (1.5%) | (750.00) |
| Payment of $32,940.00: 4 months late x 0.5% (2.0%) | (484.21) |
| IRC Section 6651(a)(1) Failure to File Penalty | $267,189.71 |
| | ========== |
| Corrected Sec. 6651(a)(1) penalty | $267,189.71 |
| Less: Sec. 6651(a)(1) penalty previously assessed | (254,107.87) |
| Equals: Additional Sec. 6651(a)(1) penalty | $13,081.84 |
| | ========= |

### Informal Claim for Refund:

In making this determination of your estate tax liability, careful
consideration has been given to your informal claim for refund filed on April
23, 2008 for a failure to file penalty in the amount of $267,189.71. It is
determined that the issues raised in your claim are not allowable
because reasonable cause has not been established for the late filing of the
decedent's estate tax return.

If a petition to the United States Tax Court is filed against the deficiency
proposed herein, the issues set forth in your claim for refund should be made
a part of the petition to be considered by the Tax Court in any
redetermination of your tax liability. If a petition is not filed, the claim
for refund will be disallowed and official notice will be issued by certified
mail in accordance with Section 6532(a)(1) of the Internal Revenue Code.

Estate of Paul E. Proske, Deceased                          AP:FE:MAN:IAW:LS
Form: 706 - Date of Death: 06-16-05                         TIN: 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V

---

| Notice of Deficiency - Waiver |
| --- |

Form 4089 (continued) ... page 2 of 2.

A copy of this statement has been mailed to the executrix at the address shown below:

| Estate of Paul E. Proske, Deceased |
| --- |
| Laura O'Hara, Executrix |
| 31 Little Wolf Road |
| Summit, NJ 07901 |

A copy of this statement has been mailed to the authorized representative listed below as per the Power of Attorney form submitted.

| Grace C. Bertone, Esq. |
| --- |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP |
| 1300 Mount Kemble Avenue |
| P.O. Box 2075 |
| Morristown, NJ 07962-2075 |